# Otto Bilhuber et al., Appellees, v. Bilhuber-Wawak Company et al., Appellants.

## Gen. No. 31,325.

1. EQUITY—*clean hands.* A suitor must come into a court of equity with clean hands.

2. EQUITY—*corporate director sharing in illegal transaction not to obtain relief from the other directors.* A director, officer, stockholder and dominating manager of a corporation, who votes with the other directors, who are officers and majority stockholders, for a fictitious increase in salaries to reduce illegally the corporate Federal income tax, and who receives with the other directors stock in payment of the fictitious salaries, does not come into equity with clean hands in his suit against the other stockholders and cannot obtain a cancellation of the stock nor require such others to account for corporate money they may have wrongfully diverted or received in other instances.

3. AGENCY—*notice to agent imputable to principal.* Notice to an agent touching the subject matter of his agency or in regard to the transaction in which he is engaged is notice to the principal.

4. HUSBAND AND WIFE—*right of wife receiving stock through husband's participation in fraudulent issue.* A wife is bound by the knowledge of her husband as her general agent by his acquiescence and participation in an alleged fraudulent issue of stock of which she acquires some shares through him, so that she has no standing in a court of equity to obtain relief from the other participants in the fraud.

5. CORPORATIONS—*injury to minority stockholders from delayed distribution of assets.* Where rebates received by a corporation from a seller of goods are not entered upon the books and are retained by an officer for the purpose of reducing the corporate Federal income tax, and the amount of the rebates are later distributed to stockholders in proportion to their holdings, held that minority stockholders who retained their share were not injured by the manner in which the rebates were received and distributed.

6. CORPORATIONS—*right of minority shareholder to complain of acts prior to acquisitions of stock.* One who becomes a minority stockholder long after an officer and majority stockholder acquires with corporate funds an automobile for his personal use, held not entitled to complain.

7. CORPORATIONS—*right of majority stockholder to purchase goods from corporation at low price.* An officer and majority stockholder who buys goods from the corporation at more than the cost price but

less than the price charged the public, and who is billed the goods at the public price, held entitled to a rebate to accord with his contract price, as against the objection of a minority stockholder.

Appeal by defendants from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Reversed and remanded with directions. Opinion filed October 4, 1927.

DAVID K. TONE, CHARLES S. DENEEN and ROY MASSE-NA, for appellants.

BANGS & FRANKHAUSER, for appellees.

MR. JUSTICE WELLS delivered the opinion of the court.

This was a bill filed October 18, 1922, by the appellees Otto Bilhuber and Emilie Bilhuber in which it is charged that in the year 1907 the complainant, Frank Wawak, Sr., and one Rose, organized the Bilhuber-Rose Company, with a capital stock of $25,000, and that Frank Wawak, Sr., was made president and the complainant Otto Bilhuber, secretary; that during the year 1917 the said Wawaks, Senior and Junior, had acquired control of the stock of said corporation, and that for the purpose of minimizing the income payable to the United States Government and for the purpose of creating a fictitious deduction from said income tax, proposed to the said complainant Otto Bilhuber that they, as directors of said corporation, should vote larger salaries to the officers thereof, viz, the salary of the president to be fixed at $3,000 and the salaries of the secretary and treasurer at $8,000 each for said year, and that Otto Bilhuber, secretary, and the defendant Frank Wawak, Jr., would each accept the sum of $3,000 in cash as salaries for said year, and that the balance of their salaries so fixed, as well as the salary voted to the said Wawak, Sr., as president, should be paid in stock of the corporation, and that all of said stock so to be issued in payment or part payment of

such salaries should be added together, and from the result thereof the said Wawak, Sr., should receive about one-half of the total, and your orator, Otto Bilhuber, and the said Wawak, Jr., should receive about one-fourth each thereof, so that of the total so paid as salaries for the year 1917, the said Wawak, Sr., received and there was issued to him about $4,500 worth of stock, and that said Otto Bilhuber and Frank Wawak, Jr., did receive about $2,250 worth each thereof as salaries, as aforesaid; that the payment of said salary in stock unto the said Wawak, Sr., was entirely fraudulent and void as to said corporation, the stockholders and creditors, and the United States Government.

That during the years 1918, 1919, 1920 and 1921 a procedure similar to that practiced in 1917 was indulged in for various sums, allotted for salaries of the respective officers, Wawak, Sr., as president, never, however, receiving any cash payments as for salaries, and Bilhuber, as secretary, and Wawak, Jr., as treasurer, receiving $3,000 in cash and the balance of their respective salaries in stock, the proportion of stock so issued being always maintained at 50 per cent for Wawak, Sr., and 25 per cent each as to Bilhuber and Wawak, Jr.

That in the year 1918 the capital stock of said corporation was, by resolution of the board of directors and by proper proceedings, increased from $25,000 to $125,000, and stock dividends from said increase of capital stock were voted by the board of directors to be paid to the said Wawaks, Senior and Junior, and to said complainant Otto in proportion to their stock holdings in said corporation prior to said increase of capital stock and that stock dividends were so apportioned; that during the year 1920, by vote of the board of directors, and by proper proceedings, the capital stock of said corporation was again increased from $125,000 to $500,000, the shares of said stock remaining

at $100 each at par; that on May 29, 1920, by resolution of the board of directors, a stock dividend of $75,000 was declared, the same to be apportioned between the said Wawaks, Senior and Junior, and said complainant Otto in proportion to their then respective holdings of the capital stock of said corporation, and that the said stock dividend was so divided among said parties, and stock of said corporation issued in accordance therewith.

That for the purpose of reducing the income tax payable to the United States Government during the years 1917 to 1921, inclusive, rebates paid to the said corporation from firms and corporations from which the defendant corporation purchased goods, notably from the Hockanum Mills Company, amounting to $4,418.91, were never entered upon the records of said defendant corporation as a rebate, and the amount was never reported to the United States Government in income tax returns, but that said amount was taken by the said Wawak, Jr., and placed in his private bank account, and your orator alleges that he is informed and believes, and therefore states the fact to be, that other and further rebates were so paid to said defendant corporation, were concealed from the United States Government and were so received by the said Frank Wawak, Jr., and placed in his private banking account, and your orator states that he, as an officer of the said defendant corporation, during said years, *in his individual capacity,* does not know what disposition the said Frank Wawak, Jr., made of said funds, but your orator alleges that he is informed and believes, and therefore states the fact to be, that certain of said funds never found their way into the treasury of said defendant corporation but were diverted to the uses of said Wawaks, Junior and Senior.

That at the date of the filing of this bill of complaint (October 18, 1922) the following named persons and individuals are all of the owners and holders of

the capital stock of said defendant corporation and that they own and hold the number of shares set opposite their respective names, viz, of the shares of common stock, Frank Wawak, Sr., 1035 shares; Frank Wawak, Jr., 941½ shares; Otto Bilhuber, 549 shares; Mrs. Frank Wawak, Sr., 637½ shares; Emilie Bilhuber, 337 shares; and of the preferred stock, Oscar H. Solum, 50 shares, and Mrs. Frank Wawak, Sr., 75 shares; *that the shares of common stock standing in the name of* Mrs. Frank Wawak, Sr., and of *Emilie Bilhuber, your oratrix, were shares deducted from stock purchased by or allotted* to said Wawak, Sr., and *to your orator;* that the shares of preferred stock standing in the name of Mrs. Frank Wawak, Sr., were acquired by means unknown to your orator by the said Frank Wawak, Sr., but caused to be placed in the name of Mrs. Frank Wawak, Sr., who is the wife of the defendant, Frank Wawak, Sr.

That in the year 1918 the said Wawak, Sr., without authorization of the board of directors purchased an automobile at a cost of $2,715, and caused the same to be paid for out of the funds of the said corporation, and that said automobile was not purchased for said corporation, and that it was never used in the conduct of the business of said corporation, but that the said Wawaks, Senior and Junior, caused the same to be turned over to the possession of the said Wawak, Sr., and that from the time of the purchase of the same down to the present date, the said automobile has been in the possession of and used solely by said Wawak, Sr., for his own personal use and for the benefit of his own private business as a tailor, and not in any respect for the use of the said defendant corporation, and that the said defendant corporation has never had any benefit therefrom but that the cost of said machine was charged upon the books of said corporation as an expense of the said corporation.

That during the periods of time from August 14 to December 31, 1919, and from January 1 to September 1, 1920, the said Wawak, Sr., purchased from the said defendant corporation large consignments of woolen goods used by him in the conduct of his private business as a tailor; that same were charged and invoiced to the said Frank Wawak, Sr., and his partner, at the usual trade price therefor, usually charged to the general customers of said defendant corporation; that after the purchase of said goods, and taking advantage of his position as an officer, director and majority stockholder in said corporation, and conniving and conspiring with the said Wawak, Jr., for the purpose of absorbing the profits of said defendant corporation to the benefit of himself, the said Wawak, Sr., the said Wawaks, Senior and Junior, caused to be entered on the books of the said corporation a rebate on account of the said purchase of said goods between the said last-mentioned dates, in favor of the said Wawak, Sr., to the amount of $4,348.28, which credit or rebate was subsequently absorbed by the said Wawak, Sr., from the said defendant corporation either by the causing of stock issuance in capital stock of said defendant corporation therefor, or in credits on subsequent purchases of goods made by the said Wawak, Sr., which rebates or allowances in the sum of $4,348.28 were illegal and void and fraudulent as to said corporation, and as to the stockholders thereof, including your orator and oratrix.

Complaint was made in said bill of the action of the board of directors on March 7, 1922, of removing the complainant Otto from the position of secretary of said corporation.

And your oratrix, Emilie Bilhuber, in this bill alleges that she is now and has been since *June 1, 1920,* a stockholder in said defendant corporation; that she was informed shortly before the date of the bill of the acts and doings and conspiracies of the aforesaid

Wawaks, Senior and Junior, herein complained of, and that she believes the facts herein alleged in regard thereto to be true, and therefore states them to be true; that she did not know anything of the acts or doings herein complained of either before or after she became a stockholder in said defendant corporation and until informed thereof, as aforesaid, shortly before the commencement of this suit.

The bill prays that an account may be taken of all transactions of said parties; that the respective rights of the complainants and the defendant corporation and the other defendants be ascertained; that the defendants may be decreed to deliver up unto said defendant corporation, to be canceled, what if any of the capital stock of said corporation that stands in their respective names as may be found to have been wrongfully or illegally issued to them, and that said defendants, Wawaks, Senior and Junior, be decreed to repay unto said corporation such rebates or moneys or things of value belonging to said corporation as may be found to have come into their possession and which have not been returned by them to it; that the complainants are ready and willing and hereby offer to return unto said defendant corporation for cancellation what if any stock of said corporation may be found to have been wrongfully or unlawfully issued to them, or either of them, and such rebates, moneys, or things of value belonging to said corporation as may have come into their possession and as have not been returned by them or either of them, and that it may be ascertained what amount of stock in said defendant corporation was issued to said Frank Wawak, Sr. and Frank Wawak, Jr., and unto your orator in return for said notes held by said corporation, which said notes bear date December 29, 1920, and that it be decreed that said notes are null and void, and that they be canceled and delivered up, and that it be decreed that said Wawaks, Senior and Junior, deliver up unto said cor-

poration the stock found to have been received by them for which said notes were given, and that said corporation cancel said stock, your orator being ready and willing and hereby offering to deliver up to said corporation, for cancellation, such of said stock as was issued to him and for which said note was given by him; that the acts and doings of the said directors of said company on March 7, 1922, are null and void (removal of the complainant as secretary); that your orator is still the secretary of said corporation and as such entitled to his salary as such secretary at $3,600 per year, from March 7, 1922, and until his successor is elected and qualified; that the defendant Frank Wawak, Jr., may be enjoined and restrained from acting, or pretending to act as secretary of said corporation, and that a receiver be appointed to take charge of the conduct of the business of said corporation.

The record in this case is voluminous and the evidence has taken a wide range, but we cannot, in the view we take of the case, repress the conviction that much of what we have considered might safely have been omitted without at all affecting the result. Stripped of its verbiage and plumage, we find but little in it about which there is any just ground for controversy. The case is simply this: There are four complaints of wrongdoing made as against the defendants, counting the various voting of alleged excessive salaries and the payment of a part thereof by the issuing of stock as one illegal act. Second, that the rebates belonging to the defendant corporation from the Hockanum Mills Company, amounting to the sum of $4,418.91, were wrongfully appropriated by the defendants Wawaks, Senior and Junior. Third, that in the *year 1918* the defendants Wawaks, Senior and Junior, caused an automobile to be purchased for the sum of $2,715, and to be paid for with the funds of the corporation, and that the said automobile was intended for and used as the private property of Wa-

wak, Sr. Fourth, that Wawak, Sr., who was in the tailoring business separate and distinct from his connection with the defendant corporation, purchased large amounts of merchandise from the defendant corporation and was accorded and allowed illegal and improper discounts on the purchase of said goods to the amount of $4,348.28. The answers of the defendants practically admit the allegations in regard to the voting of salaries, but deny that there was anything wrongful or illegal in regard thereto, that it was not for the purpose of defrauding the complainant Otto, and that the capital stock of the defendant corporation that was issued in pursuance of said course was issued to all the stockholders in the proportion of their holding of stock at the time, and that the complainant Otto received his proportion thereof; that as to the matter of the rebate of $4,418.91 received from the Hockanum Mills Company, the same was disbursed for the benefit of each of the then shareholders of said corporation; that said Otto Bilhuber and Emilie Bilhuber, his wife, each received their pro rata share thereof, and that none of these individual defendants received anything more than their proportionate share thereof.

That on March 7, 1922, at a meeting of the board of directors of the defendant corporation, the defendant Frank Wawak, Jr., was elected secretary of said corporation, and that the failure to re-elect said Otto Bilhuber as secretary was occasioned by the misconduct of said Otto Bilhuber.

That on *July 1, 1918,* at a meeting of the directors of the defendant corporation, a resolution was passed, concurred in by the complainant Otto Bilhuber, which provided for the purchase of an automobile for said defendant corporation; that on *July 27, 1918,* an automobile was purchased for said corporation for the sum of $2,715, and that said automobile was used for the defendant corporation in its business until December 6,

1920; that an December 6, 1920, said automobile was sold to Frank Wawak, Sr., for the sum of $825 in cash; that $825 was all that said automobile was reasonably worth at the time it was so purchased by Frank Wawak, Sr.; that said Otto Bilhuber was at all times familiar with all of the transactions in relation thereto and that he never made any complaint or protest against any of the said matters and things until after complainant attempted to sell his stock to the said defendant corporation and the individual defendants Frank Wawak, Sr., and Frank Wawak, Jr.

That they deny that the defendant Frank Wawak, Sr., was given a rebate of $4,348.28, or any other sum, on account of goods purchased from the defendant corporation, and deny that any such rebate was given for the purpose of defrauding the United States Government out of its income tax, or for the purpose of defrauding a partner of Frank Wawak, Sr.

A decree was entered in said cause on March 15, 1926, and therein the court finds that the complainant Otto Bilhuber is not in court with clean hands and therefore is not entitled to any relief in a court of equity, and ordered that the cause be and the same is dismissed as to Otto Bilhuber for want of equity, and retained as to said complainant Emilie Bilhuber; that since June 1, 1920, the defendants Frank Wawak, Sr., and Frank Wawak, Jr., have unlawfully and illegally appropriated to their own use moneys and property rightfully belonging to the defendant Bilhuber-Wawak Company, the exact amount of which must be ascertained through an accounting; that illegal, unlawful and fictitious salaries were voted by the said defendants, Frank Wawak, Sr., and Frank Wawak, Jr., to themselves since the 1st day of June, 1920, while they were acting as members of the board of directors and officers of said corporation, and were paid to the said Frank Wawak, Sr., and Frank Wawak, Jr., out of the funds of said corporation, and which have not been

accounted for by the said defendants, Frank Wawak, Sr., and Frank Wawak, Jr., and that the said defendants Frank Wawak, Sr., and Frank Wawak, Jr., since the said 1st day of June, 1920, have appropriated to their own use money belonging to the defendant corporation through divers and sundry illegal devices, such as fictitious expense accounts, rebates, unlawful, illegal and excessive salaries, and that by such unlawful and illegal action the complainant Emilie Bilhuber has been defrauded; that the complainant Mrs. Emilie Bilhuber is entitled to an accounting in accordance with the prayer of her bill of complaint from the defendants Frank Wawak, Sr., and Frank Wawak, Jr., for and on behalf of the defendant Bilhuber-Wawak Company, from the 1st of June, 1920, when she acquired her stock in said corporation, and that said cause is referred to a master in chancery to take an accounting and report his findings and conclusions.

From this decree the defendants Frank Wawak, Sr., Frank Wawak, Jr., and the Bilhuber-Wawak Company prayed and were allowed an appeal to this court, and the complainant Otto Bilhuber has assigned cross-errors as to the decree against him.

From the allegations in the bill, and which are fully sustained by the evidence in the case, it is established that the original capitalization of the Bilhuber-Rose Company, subsequently changed to Bilhuber-Wawak Company, was $25,000; that this capitalization was subsequently, by proper proceedings, increased to $125,000, and subsequently, in the year 1920, increased to $500,000; that at all times from the organization of the corporation in 1907 until the development of this controversy in 1922, the complainant Otto Bilhuber was one of three directors in the corporation, the other two being Frank Wawak, Sr., and Frank Wawak, Jr.; that Bilhuber was secretary of the corporation during that entire period and was the active, dominating manager of its business, and those three, Bilhuber and

Wawaks, Senior and Junior, from about 1917 were the only stockholders; that the several increases of the capital stock and the voting of the alleged excessive salaries to the officers were all concurred in by said Otto Bilhuber as stockholder and director, that he acquiesced in and received the benefit of the issuing of the shares of stock in the corporation in proportion to his holdings at the respective times; that if there was anything illegal, immoral or wrongful in such granting of salaries or the issuing of the stock in the manner provided for and in the manner in which it was issued, Bilhuber was equally guilty with the defendant Wawaks, and we concur in the finding of the chancellor that he as a complainant does not come into court with clean hands, and consequently is in no position to invoke the assistance of a court of chancery. It is a familiar rule of equity jurisprudence that a suitor must come into a court of equity with clean hands. We do not think that it requires any citation of authorities to sustain that proposition. We find nothing in the evidence that will justify the claim of Otto Bilhuber that there was any undue influence operating upon him by the Wawaks. On the contrary, we think the evidence in the case sustains the fact that Bilhuber was a business man of large experience, of a dominating character, and fully competent to do his own thinking.

As to the complainant Emilie Bilhuber, it appears that she became a stockholder in the defendant corporation about June 1, 1920, and according to the allegations of the bill, her shares of stock consisted of 337 shares of stock allotted to and deducted from the stock of her husband, Otto Bilhuber. There is no convincing evidence to be found in the case that she ever paid anything for the stock, and there was no way that this 337 shares of stock could have existed but for the actions of the board of directors in increasing the capital stock in the manner set out in the bill of complaint and paid for as therein alleged. The original

capital stock was but $25,000, of which her husband owned about 25 per cent, i. e., about 65 shares, and if the prayer of the bill was granted and this increase stock be recalled and canceled that would cancel all of her stock and she would have no basis upon which to predicate a claim. When the shares of stock were issued to Emilie Bilhuber there was not sufficient money in the "pot" (as it is denominated) to the credit of Otto Bilhuber on account of excessive salary to pay for the shares of stock issued on that date to himself and his wife. Bilhuber gave his promissory note for $13,000, due one year after date, to the company in payment of the deficiency. This note was paid out of the salary voted to Otto Bilhuber and the other officers. The provisions for the payment of these alleged excessive salaries had been voted prior to the issuing of any stock to Emilie Bilhuber, and in December, 1920, the salaries of the officers having been reduced by reason of a decline in business, and a loss to the corporation having resulted, it left Otto Bilhuber and his wife, as represented by the stock issued in her name, indebted to the corporation in the amount of $8,916.65 on account of the stock issued in June, and on December 1, 1920. Otto Bilhuber gave two promissory notes aggregating that sum in payment of this deficit and these notes are still unpaid. All these transactions, prior to any stock being placed in her name and subsequent thereto, were carried on by Otto Bilhuber acting as her agent. There is no evidence in the record indicating under what circumstances the stock was issued to Emilie Bilhuber, no evidence that she was present and requested it to be done, or received it from the corporation. The only inference to be drawn from all the evidence is that Otto Bilhuber caused this stock to be issued in her name as part of the distribution of the stock in carrying out the scheme for the increasing of the capital stock of the company. There is no evidence in the record that she furnished any part of the

consideration therefor. It does not appear from the record that the wife had any separate property or money or means of her own. On the contrary, there is evidence in the record that Otto Bilhuber was pressed for paying the ordinary living expenses of the family during the entire time of this transaction. But even if Emilie Bilhuber is to be regarded as the real purchaser and owner of the stock standing in her name, then it is perfectly manifest that her husband was her general agent in and about the entire transaction. The rule is that notice to an agent touching the subject matter of his agency or in regard to the transactions in which he is engaged, is notice to the principal. (*Miller v. Whelan,* 158 Ill. 544.) "Neither can an assignee of stock maintain a suit in regard to transactions with the corporation done or assented to by his assignor. The purchaser of shares of stock acquires no greater rights than his vendor. He holds by the same title and subject to the same liability. Shares of stock are merely choses in action, and the successive owners acquire only the rights held by their predecessors in title." (*Babcock v. Farwell,* 245 Ill. 14.)

As regards the item of the Hockanum Mills Company rebate, amounting to $4,418.91, the evidence discloses that this item of $4,418.91 accrued during the years 1917 to 1921, and that in 1921 the amount thereof was distributed to the stockholders in proportion to their holding of stock. Their share of this distribution was received by the complainants and retained by them, consequently no injury was done to them by the manner in which the rebate was received and distributed.

The transaction complained of in the bill of complaint in relation to the purchase of an automobile and the use thereof occurred in the year 1918, long before Mrs. Bilhuber became a stockholder, and the purchase was made by resolution of the board of directors at the time, and we do not consider that she has any right to complain thereof.

As regards the rebate to Frank Wawak, Sr., the evidence conclusively proves that probably as early as the year 1909 it was agreed, with the concurrence of the complainant Otto Bilhuber, that the defendant Wawak, Sr., in buying goods from the defendant corporation was to pay therefor cost price plus 10 per cent; that this arrangement and agreement had been in force and carried out from the time of its inception until Wawak, Sr., ceased business as a merchant tailor and ceased buying goods from the defendant corporation. We concur in the finding of the chancellor that there was nothing wrong or fraudulent in this transaction and that the defendant Wawak, Sr., was entitled to receive from the defendant corporation the accumulated discounts that had accrued by reason of these goods having been billed to him at the list price, he being entitled to an adjustment thereof between the billed price and the agreed price of cost plus 10 per cent.

In conclusion, we are of the opinion that the superior court, in its decree, properly ordered the cause to be dismissed as to the complainant Otto Bilhuber, but we are further of the opinion that the trial court erred in its decree in favor of the complainant Emilie Bilhuber, and the cause is therefore reversed with directions to the superior court to enter a decree dismissing the bill for want of equity as to both complainants.

*Reversed and remanded with directions.*

BARNES, P. J., and GRIDLEY, J., concur.