(No. 29737.—

STANLEY H. DOGGETT, Appellee, *vs.* NORTH AMERICAN LIFE INSURANCE COMPANY OF CHICAGO *et al.,* Appellants.

*Opinion filed January 22, 1947—Rehearing denied March 17, 1947.*

ARTHUR C. ROONEY, and DENEEN A. WATSON, both of Chicago, for appellants.

McCARTHY, WITRY, LYON & McCARTHY, (EMMETT J. McCARTHY, and GEORGE R. LYON, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee, Doggett, for some years owner of a substantial amount of stock in the appellant North American Life Insurance Company of Chicago, filed in the superior court of Cook county, against that company and its president and secretary, a petition for writ of *mandamus* to compel them to permit him to inspect and examine the list of stockholders. The petition sets out that his purpose in so doing was to get a list of the stockholders that he might confer with them for the purpose of endeavoring to seek the election, on the board of directors, of one outside the present management. He alleged that he had long been actively interested in the affairs of the appellant company and was chairman of a committee composed of stockholders, known as the Stockholders' Cooperative Committee, and had sought, but was refused, permission to see the list of stockholders. He alleged that the officers and director are elected each year by not more than ten per cent of the stock, and that his purpose in getting the list of the stockholders was to bring to their attention his conviction that the present management of the company was unable to cope with the problems that it faced, as evidenced by the great decline in the net worth of the assets and in the amount of insurance then in force. He asserted that there are at least 1500 stockholders; that the appellant company issued 250,000 shares of stock, all of the same class, and that the petitioner and his family own 3450 shares. He asserted that the present management of the company has perpetuated itself by securing proxies and has thus been in control since 1927, and that during the last fifteen years the business and net worth of the assets of the company have declined substantially.

On the first hearing, the writ was granted but on appeal to the Appellate Court that court was of the view that certain evidence, affecting the good faith of appellee which had been denied admission, should have been received, and for that reason reversed and remanded the cause. On the second hearing, the charges of lack of good faith by reason of appellee's relationship with another stockholder, one George E. Tribble, were abandoned because the record showed that Tribble's interest had been purchased by members of the company, and although it was still claimed that appellee was not acting for a lawful purpose and evidence was offered tending to substantiate the claim of an improper combination between appellee and Tribble, appellee's evidence, on the other hand, tended to establish that his object and purpose was to gain some outside representation for the minority group of stockholders on the board. Thus there was presented a question of fact which has been finally settled by the finding of the Appellate Court that the purpose just stated was the actual purpose of appellee's attempt to gain information as to the list of stockholders. That is a question of fact and is not open here. We are confined to a review only of the legal conclusions which might arise from that fact.

On the second hearing, the trial court denied the writ, and on review the Appellate Court reversed the judgment of the trial court and ordered the writ to issue with the penalties provided by section 45 of the Business Corporation Act. (Ill. Rev. Stat. 1943, chap. 32, par. 157.45.) The cause is here on leave to appeal granted.

Two main points are urged: (1) That the provisions of the Business Corporation Act do not apply to an insurance corporation, and, (2) that the Appellate Court's finding on the original appeal as to what constituted improper motive, was *res judicata* of that question on the second review, in view of the new evidence introduced at the retrial. Section 45 of the Business Corporation Act

provides, in part, that: "Any person who shall have been a shareholder of record for at least six months immediately preceding his demand or who shall be the holder of record of at least five percent of all the outstanding shares of a corporation, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes and record of shareholders and to make extracts therefrom." It will be observed that this section of the statute is limited to those either owning stock for at least six months, or owning at least five per cent of all outstanding shares, who shall, "for any proper purpose," demand to see the stockholders' list, and provides that such person shall "at any reasonable time or times" be permitted to do so either by himself or by his attorney. This section also provides a penalty for refusal to permit examination.

At common law, stockholders of a corporation had the right to examine, at reasonable times and for a proper purpose, the records and books of the corporation. (*Stone* v. *Kellogg,* 165 Ill. 192; 1 Cook on Stocks and Stockholders, sec. 511; Fletcher's Cyc. on Corporations, Permanent Edition, vol. 5, sec. 2219.) The common-law rule, while generally distinguishable from the statutory right, qualified and conditioned the right to examine, as to time, place and purpose, while in many States the right bears no limitation. The restrictions at common law may be summed up as follows: A *bona fide* stockholder has a legal right of inspection when sought in good faith for a specific and honest purpose, not to gratify curiosity or for speculative or vexatious purposes, providing also the interest of such applicant is as a stockholder and is lawful in character and not contrary to the interest of the corporation. (Fletcher's Cyc. on Corporations, Permanent Edition, vol. 5, sec. 2219.) The purpose and motive of a stockholder, under the common law, were and are proper matters for

inquiry, although the stockholder is not required to state his purpose, or that his purpose is a proper one. The general rule is that *mandamus* may not be denied to any stockholder who seeks information for legitimate purposes. (*Guthrie* v. *Harkness,* 199 U. S. 148, 50 L. ed. 130; *Kimball* v. *Dern,* 39 Utah 181, 116 Pac. 28, 35 L.R.A. (n.s.) 134.) At common law, the writ would not issue as a matter of course to gratify idle curiosity but it was necessary for the petitioner to show some interest at stake or beneficial purpose for which the examination was desired. (High on Ex. Legal Rem. sec. 310.) It will be seen, however, that there is now little or no distinction in this State between the common law and statutory rights. In either case a proper purpose must be shown.

From what we have hereinabove stated, as to the common-law rule and concerning the contents of appellee's petition for a writ of *mandamus,* it is clear that his petition was, and is, sufficient under the common law, if proved, to entitle him to a writ of *mandamus,* and since the Appellate Court has found as a matter of fact that his purpose in seeking to examine the list of stockholders was "to gain some outside representation for the minority group of stockholders on the Board," which we hold to be a proper purpose under the common law, it is clear that appellee made out a case under the common law unchanged by our statute, entitling him to the writ of *mandamus.*

But the further question is presented, whether section 45 is applicable to insurance companies and, therefore, whether the penalty provided in that section may be imposed on appellant. No such penalty is provided by the common-law rule. Appellee argues that section 45 is applicable and the Appellate Court so held and ordered the statutory penalty imposed against appellants. Section 45 of the Business Corporation Act provides that where an agent or officer of a corporation refuses to allow exam-

ination of its books by a shareholder or his agent or attorney, for any proper purpose, it or they shall be liable to the shareholder, in addition to any other damages or remedy provided by law, for a penalty of ten per cent of the value of the shares owned by such shareholder. Appellee, in support of his contention that this section applies to appellants, relies principally on *Venner* v. *Chicago City Railway Co.* 246 Ill. 170. This was decided in 1910, at which time the General Corporation Act of 1872, as amended in 1909, was in force. As affects the questions involved in this case, the provisions of the 1872 act, except as to penalties, were substantially those of the present Business Corporation Act. In the *Venner case* a writ of *mandamus* was sought to compel a railway company to allow one of its stockholders to examine the books of the company, as provided in section 13 of the Corporation Act of 1872. This section required stock corporations to keep, in their principal office in this State, books of account, and that "every stockholder in such corporation shall have the right at all reasonable times, by himself or by his attorney, to examine the records and books of account of the corporation." It will be observed that this provision, aside from the limitations and penalties imposed in section 45, was in substance the same, and it was there held, over the objection that the Corporation Act did not apply to railway companies organized under a separate act, that the complainant stockholder was entitled to the writ. This court there held that by reason of the reserve power of the General Assembly to legislate in the public interest under the police power, section 13 of the then Corporation Act was applicable to a railroad company as an exercise of the police power of the State, notwithstanding that company had been organized under a separate and distinct act.

While adherence to the doctrine of *stare decisis* is important to the stability of the law, yet when doubts are

raised in the minds of the court as to the correctness of its decision, it is its duty to re-examine the question involved in the case. While it may not be doubted, and counsel for appellants do not argue otherwise, that the General Assembly has power, under the reserved police power, to impose regulations on insurance companies such as those specified by section 45 of the Business Corporation Act, the question here is whether section 45 of that act is to be held to be applicable to insurance corporations organized under a different and special statute.

It was pointed out in the *Venner case* that section 13, there considered, referred to "every stock corporation" and "every stockholder in such corporation," and it was held that by such language the General Assembly intended that section 13 should apply to railroad corporations. It was there sought to distinguish *Wincock* v. *Turpin*, 96 Ill. 135, and *Stevens* v. *Pratt*, 101 Ill. 206, which held that section 25 of the General Corporation Act did not apply to corporations not organized thereunder. Section 25 used the words "any corporation," while section 13 used the language "every corporation." The decision in the *Venner case* leaves out of account other language found in the General Corporation Act of 1872. Section 1 of the General Corporation Act of 1872, as amended, (Laws of 1872, p. 296,) provided that "corporations may be formed in the manner provided by this act, for any lawful purpose except banking, insurance, real estate brokerage, the operation of railroads, and the business of loaning money." Section 3 of the Business Corporation Act, provides, in part: "Corporations for profit may be organized under this Act for any lawful purpose or purposes, except for the purpose of banking or insurance or the operation of railroads;" etc. Section 156 of the Business Corporation Act provides: "The provisions of this Act shall apply to all existing corporations, including public utility corporations, organized under any general law of this State, providing for the

organization of corporations for a purpose or purposes for which a corporation might be organized under this Act," and the query arises whether it follows that section 45 of the Business Corporation Act is to be held to apply to insurance companies expressly excepted from that act. The Illinois Insurance Code (Ill. Rev. Stat. 1943, chap. 73, pars. 744, 745 and 748,) provides for visitation, inspection and reports of insurance companies organized under the insurance laws of this State. This is an exercise of the police power. There is a valid reason why the Business Corporation Act excluded insurance companies from its provisions. They conduct a business charged with the public interest and are authorized and governed by a special act, more stringent in its regulations by reason of the nature of their business. It is but natural, therefore, that the General Assembly would exclude them from the provisions of the Business Corporation Act. Indeed, it would be more than unusual if it were intended otherwise. Though the legislative power to provide for the inspection of stock lists of an insurance company by its stockholders cannot be doubted, we do not believe that by the language of section 45 of the Business Corporation Act, when considered with other provisions of that act hereinabove referred to, the General Assembly so intended. This conviction is strengthened by section 103 of the Business Corporation Act by which section 45 is made applicable to foreign corporations, and section 158 by which, in certain particulars, not important here, the act is made applicable to railroad corporations. There is no provision in the Business Corporation Act, however, attempting to regulate insurance corporations. We are of the opinion, therefore, that section 45 of the Business Corporation Act does not apply to insurance companies, and the holding in the *Venner case* is not adhered to.

It does not follow, however, that appellee is for that reason without remedy. As we have hereinbefore pointed

out, his complaint made a good case under the common law for the issuance of a writ of *mandamus* to compel inspection of the stock lists of the appellant insurance company. The Appellate Court found the facts which justify the conclusion that the purpose of the appellee in demanding examination of the lists of stockholders was a proper one under the common-law rule, and as we have hereinbefore stated, such finding of fact is not open for discussion here. Counsel for appellants raise the objection that the facts found in the first opinion of the Appellate Court as to motive were *res judicata* of the facts involved in the case and therefore not open for further consideration of the Appellate Court. As we read the first opinion of the Appellate Court, their reversal was based on the error of the trial court in excluding proper evidence. We see no application of the doctrine of *res judicata* here.

While the Appellate Court based its decision on the statutory right under the *Venner case* and cases which have relied thereon, this court examines the judgment of the Appellate Court and not the reasons given. However, since we hold that section 45 of the Business Corporation Act is not applicable to corporations organized under the insurance laws, the Appellate Court erred in its judgment inflicting on the appellants the penalties prescribed by that section. For this reason, the judgments of the Appellate Court and the superior court are reversed and the cause is remanded to the superior court with directions to award the writ of *mandamus* in accordance with the views herein expressed.

*Reversed and remanded, with directions.*