JUNE BRISKIN, Petitioner-Appellee, v. BRISKIN MANUFACTURING COMPANY et al., Respondents-Appellants.

(No. 54780;

First District—May 19, 1972.

*Rehearing denied August 8, 1972.*

Russell J. Topper and Paul Freeman, both of Chicago, for appellants.

Ruskin & Rosenbaum, of Chicago, (Harry H. Ruskin and Martin L. Bogot, of counsel,) for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This is a *mandamus* proceeding brought by petitioner June Briskin as owner of 10,000 shares of the Briskin Manufacturing Company seeking a writ of *mandamus* commanding the defendants to produce corporate books and records for examination by petitioner's attorneys and account-

ants, pursuant to the Illinois Business Corporation Act. (Ill. Rev. Stat. 1967, ch. 32, par. 157.45.) After consideration of the pleadings and related materials, the trial court granted petitioner's motion for summary judgment and ordered that a writ of *mandamus* issue against the defendants. Defendants appeal from the trial court's order granting the summary judgment.

Briskin Manufacturing Company, Inc. a closely held corporation (hereinafter referred to as "the corporation") was organized in 1945 with control and ownership revolving around the Briskin family. Defendants Lester Briskin and Elmer Kaplan are the President and Secretary of the corporation, respectively, and two of its directors. Petitioner had been married to Moray Briskin, a son of the corporate founder. Moray Briskin died in 1960 leaving a will in which he disinherited petitioner. Petitioner thereafter acquired 10,000 shares of stock in the corporation in a court order entered February 1, 1966, by virtue of her statutory share upon renunciation of the will of her husband, Moray Briskin. At the time, the outstanding and issued common stock of the corporation was 155,000 shares.

On July 27, 1967, petitioner made a written demand upon the defendants to allow her attorneys and agents to examine specified records of the corporation dating back to its inception in 1945 and to make extracts from those books and records. The demand stated:

"The purposes of such examination are to enable me to ascertain the value of my shares of stock in the corporation, to enable me to secure information as to the financial condition of the corporation, its management and the conduct of its affairs and to enable me to communicate with other shareholders of the corporation respecting the affairs of the corporation."

According to petitioner, this demand was based on information that the corporation had sustained substantial losses as a result of transactions with the Coralware Manufacturing Company and the Century Vitreous Enamel Company, two companies over which defendants exercised substantial control. Petitioner also sought to learn why the corporation had not paid a dividend for a number of years. The demand was refused and this action followed. In their answer to petitioner's complaint, defendants alleged that:

"* * * she had no proper purpose for such examination and acted not in good faith, but rather to harass, annoy and obstruct the regular operations of said corporation."

The issues of the case were joined by answer to the petitions and amendments to the answer. After considering supporting and opposing affidavits, defendants' answers to interrogatories, exhibits and other re-

lated material, the trial court granted petitioner's motion for summary judgment and ordered the issuance of the writ of *mandamus* against the corporation and its officers. Defendants appeal from that summary judgment. No question appears to have been raised on the pleadings.

OPINION

■■ Defendant's first argument questions the propriety of a summary judgment in a case involving a determination of a "proper purpose."[1] Section 45 of the Illinois Business Corporation Act gives a shareholder in a corporation, who qualifies under the statute, the right to examine the corporation's books and records "for any proper purpose." (Ill. Rev. Stat. 1967, ch. 32, par. 157.45.) The Illinois Supreme Court has determined the phrase "for any proper purpose" to include "honest motive" and "good faith." (*Sawers v. American Phenolic Corporation* (1950), 404 Ill. 440, 89 N.E.2d 374.) With this rule of law in mind, it is defendant's contention that summary judgment is improper in cases in which a question has been raised as to good faith, purpose, motive or other states of mind. We disagree. Summary judgment is available in all cases in Illinois, and its use in a proper case has been encouraged by the Illinois courts of review. See *Allen v. Meyer* (1958), 14 Ill.2d 284, 291-292, 152 N.E.2d 576, 580; *Cibis v. Hunt* (1964), 48 Ill.App.2d 487, 496, 199 N.E. 2d 246, 250.

Summary judgment has been upheld where an issue formed by the pleadings as to the shareholder's proper purpose is found not to be a genuine issue of fact. In *Winger v. Richards-Wilcox Manufacturing Company* (1961), 33 Ill.App.2d 115, 178 N.E.2d 659, the court was faced, as we are in the instant case, with a *mandamus* petition under Section 45 of the Business Corporation Act to compel examination of the corporate records.

At pages 129-130 of *Winger*, 178 N.E.2d at 666, the court held:

"Although the defendant's amended answer created an issue between the parties, the Defendant's affidavits and other proof wholly failed to support the issue as to Elizabeth Winger. The mere assertion that there is an issue of fact does not prove that there is. A party may be

---

[1] Ill. Rev. Stat. 1967, ch. 110, par. 57(3) regarding the proper procedure for summary judgments in pertinent part states:

"(3) Procedure. The opposite party may prior to or at the time of the hearing on the motion file counteraffidavits. The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. A summary judgment or decree, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

able to assert a good defense in an answer but may fall far short of substantiating the assertion when forced to disclose his defense through affidavits consisting of facts admissible in evidence. As was said in *Gliwa v. Washington Polish Loan & Bldg. Ass'n,* supra [310 Ill.App. 465, 470, 34 N.E.2d 736, 739]: 'The pleadings (important) are not controlling. If it appears from facts stated in affidavits or documents that the answer pleaded is sham or false or frivolous, it will be disregarded.' Raising an issue in the pleadings does not preclude the entry of a summary judgment."

■■ Defendants also contend that the trial court erred in granting summary judgment because petitioner failed to affirmatively allege and prove good faith and proper purpose in support of her *mandamus* petition. Section 45 of the Business Corporation Act specifically provides that a court may compel production of corporate records for examination "upon proof by a shareholder of proper purpose." (Ill. Rev. Stat. 1967, ch. 32, par. 157.45.) No other proof is required. We have closely examined defendant's authorities on this point and cannot agree that the elements of good faith, honest motive and proper purpose must be expressly alleged and proved by the petitioner. In this type of proceedings, we are not dealing with a group of distinct elements (*e.g.* good faith, honest motive) which must be pleaded and proved separately. Rather, we are concerned with satisfying a legal standard and establishing guidelines through which the trial court may determine, as a matter of law, whether a particular purpose is a "proper purpose."

■■ The Illinois Supreme Court has on more than one occasion, described the standard under which a shareholder's purpose will be deemed to be "proper." In *Doggett v. North American Life Insurance Co.* (1947), 396 Ill. 354, 71 N.E.2d 686, the Supreme Court said at page 358, 71 N.E.2d at 688:

"A *bona fide* stockholder has a legal right of inspection when sought in good faith for a specific and honest purpose, not to gratify curiosity or for speculative or vexatious purposes, providing also the interest of such applicant is as a stockholder and is lawful in character and not contrary to the interest of the corporation."

The Supreme Court elaborated on this standard in the case of *Sawers v. American Phenolic Corp.* (1950), 404 Ill. 440, 89 N.E.2d 374. In *Sawers,* the court once again stated that a proper purpose is one which seeks to protect the interests of the corporation as well as the interest of the shareholder seeking the information. A shareholder has every right to examine corporate books and records to protect his interests so long as he has an honest motive and is not proceeding for vexatious or speculative reasons.

■■ We feel that petitioner has shown a proper purpose and that there is no evidence to reveal that she was acting for vexatious purposes. Defendants have failed to contradict the record in support of petitioner's request to examine the records of the corporation. In her supporting affidavit, petitioner stated that her demand was predicated on the following two grounds: (1) to determine the cause of substantial losses that the corporation had allegedly sustained, and (2) to obtain the justification for non-payment of dividends over a period of more than five years. These grounds certainly constitute a legitimate shareholder interest and satisfy the statutory and case law requirement, as set out above, of a "proper purpose."

■■ We have closely examined the record. In view of the relationship that existed between petitioner and the defendant officers of the corporation, we cannot agree that petitioner's purposes were other than proper and justified. Her access to information had been blocked by defendants, and we conclude that her *mandamus* petition was a proper vehicle to gain her lawful right to examine the corporate books and records. In this regard, we take notice of a prior appeal in this Court concerning the same parties to the instant case. (*Briskin v. Briskin Manufacturing Co.* (1969), 114 Ill.App.2d 410, 413-414, 252 N.E.2d 678, 680.) In that prior appeal, defendants also charged petitioner with judicial harassment. The Court rejected that argument and found, as we do here, that there was no showing of any irregular use or abuse of process.

■■ In conclusion, we find that there was no genuine issue of material fact before the court as to the propriety of petitioner's purpose when the summary judgment was entered and that she is, as a matter of law, entitled to the writ of *mandamus*. The trial court correctly granted the summary judgment.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.