SADDLE HILLS COMMUNITY ASSOCIATION, Plaintiff-Appellee, v. SAMUEL CAVALLARI, Defendant-Appellant.

Second District No. 2—85—0668

Opinion filed November 24, 1986.

G. Douglas Grimes, of Waukegan, for appellant.

Donald W. Kahn, of Kahn & Lapidos, of Libertyville, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

After a bench trial, the circuit court of Lake County issued a mandatory injunction ordering defendant, Samuel Cavallari, to remove a chain-link fence he had erected on his residential property, based upon his failure to submit plans for the fence to an architectural review committee established by plaintiff, Saddle Hills Community Association (association). Defendant appeals, contending the court erred in finding the review committee existed and that defendant lacked standing to challenge plaintiff's corporate procedures.

On September 28, 1983, defendant began construction of a chain-link fence on his property located in the Saddle Hills Estates subdivision. The fence was completed shortly thereafter and on October 27, 1983, plaintiff sought an injunction ordering removal of the fence because of defendant's failure to submit plans for approval by the subdivision's architectural review committee (committee), as required the declaration of protective covenants (declaration) governing the use of property within the subdivision.

Roger Gatewood was the president of Saddle Hill Farms, Inc., the corporate owner of the subdivision, and of the association until his resignation on November 2, 1983. He testified the declaration provided for appointment of the architectural review committee by Saddle Hill Farms, Inc., and that, as president of the corporation, he had appointed himself sole member of the committee on August 7, 1979, the date of the recording of the declaration of covenants. Since that time, homeowners had submitted construction plans for his approval in accordance with the declaration. Gatewood also testified that in September 1980, when defendant purchased a house, he discussed the provision requiring approval by the committee for construction with defendant, who indicated he planned to build a storage shed and would submit plans for the shed for Gatewood's approval. When Gatewood observed the construction of defendant's fence, he sent a mailgram to defendant on September 30, 1983, ordering a halt to the construction because of defendant's failure to submit plans for approval. On cross-examination, Gatewood admitted there was no written record of his appointment to the architectural review committee.

Jan Barstow, a member of the committee since his appointment by Gatewood in October 1983, testified homeowners regularly submit plans for improvements of their property for the committee's approval.

Defendant testified he did not recall that Gatewood ever informed

him he was the architectural review committee and denied receiving mail from Gatewood regarding the erection of the chain-link fence.

After closing arguments, the court found defendant lacked standing to attack or contest the corporate procedures of Saddle Hill Farms, Inc., since he was not an officer or shareholder, that the committee existed on September 28, 1983, with Gatewood as its sole member, and that defendant failed to comply with the formal proceedings for approval of construction set forth in the Saddle Hill declaration of protective covenants. Accordingly, the court issued a mandatory injunction ordering defendant to remove the chain-link fence on his property. Defendant's post-trial motion to vacate the order was denied, and this appeal followed.

■ Defendant first contends the trial court erred in finding that the architectural review committee existed since Gatewood's testimony was unsupported and the language of a restrictive covenant must be strictly construed in favor of natural rights and against restrictions on the use of property. *Newton v. Village of Glen Ellyn* (1940), 374 Ill. 50, 56, 27 N.E.2d 821; *Wier v. Isenberg* (1981), 95 Ill. App. 3d 839, 843, 420 N.E.2d 790.

Clause IV, paragraph 12, of the declaration of protective covenants, governing the subdivision's architectural procedures, provides in pertinent part,

> "No Building, fence, wall or other Structure *** shall be commenced, erected, or maintained *** until the construction plans and specifications, showing the nature, kind, shape, height and materials, color scheme, location on lot, and the grading plan and landscape plan of the Lot to be built upon shall have been submitted to and approved in writing by the Architectural Review Committee. The architectural Review Committee shall, in its sole discretion, have the right to refuse to approve any such construction plans or specifications, grading plan, or for aesthetic or other reasons."

Paragraph 1 of clause V of the covenants provides that the architectural review committee is to be appointed by Saddle Hill Farms, Inc. Restrictive covenants are to be construed so as to give effect to the actual intent of the parties when it was made. *Forest Glen Community Homeowners Association v. Nolan* (1982), 104 Ill. App. 3d 108, 111, 432 N.E.2d 636; *Engler v. Tenhaaf* (1979), 74 Ill. App. 3d 799, 803, 393 N.E.2d 1266.

■ Here, the provisions of the declaration of protective covenants evidence an express intent by the parties to establish and maintain an architectural review committee having the power to approve

or disapprove all architectural construction or alterations within the subdivision. Roger Gatewood testified he appointed himself the sole member of the committee at the time of the founding of the subdivision, informed defendant of this fact when defendant purchased his home, and sent defendant a mailgram ordering him to halt construction on the chain-link fence. Defendant does not dispute that Gatewood had authority as president of Saddle Hill Farms, Inc., to make such an appointment or that a committee may be composed of a single individual. (See Black's Law Dictionary 248 (5th ed. 1979).) Defendant's testimony essentially consisted of his denial that he received a mailgram from Gatewood and that he did not recall being notified that Gatewood was the architectural review committee. Both Gatewood and Barstow testified other homeowners regularly submitted construction plans for approval by the committee. Although Gatewood did not offer any independent proof of his appointment, we cannot say the trial court's decision that the architectural review committee existed was against the manifest weight of the evidence.

■ Defendant also argues that plaintiff failed to respond to a request by defendant to admit that the architectural review committee had not been designated or appointed on September 28, 1983, and thereby admitted the fact for purposes of this action pursuant to Supreme Court Rule 216(c), which provides:

"Each of the matters of fact *** of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the grounds that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." (87 Ill. 2d R. 216(c).)

See *Miller v. Board of Education, District 189* (1983), 119 Ill. App. 3d 88, 93, 456 N.E.2d 143; *Colwell Systems, Inc. v. Henson* (1983), 117 Ill. App. 3d 113, 115, 452 N.E.2d 889; *People ex rel. Fahner v. American Buyers Club, Inc.* (1983), 115 Ill. App. 3d 759, 761, 450 N.E.2d 904.

However, a party wishing to rely on an admission requested, but not answered, must raise the other party's failure to respond at some point in the trial before the failure will have any effect. (*People ex rel. Reynolds v. Aldridge* (1982), 107 Ill. App. 3d 679, 684, 437 N.E.2d 1268; see also *Welch v. City of Evanston* (1980), 87 Ill. App. 3d 1017,

1023, 409 N.E.2d 450, *appeal denied* (1981), 82 Ill. 2d 588; *Gilbert v. General Motors Corp.* (2d Cir. 1943), 133 F.2d 997, 1002-03, *cert. denied* (1943), 319 U.S. 743, 87 L. Ed. 1700, 63 S. Ct. 1031 (applying Rule 36 of the Federal Rules of Civil Procedure, from which Supreme Court Rule 216 was derived (Ill. Ann. Stat., ch. 110A, par. 216, Historical & Practice Notes, at 366 (Smith-Hurd 1985))).) Defendant here did not raise plaintiff's failure to respond at trial, and therefore the lack of response cannot act as an admission that the architectural review committee was not in existence at the time of the construction of defendant's fence.

 ▌ Defendant next contends the trial court erred in finding he lacked standing to challenge plaintiff's corporate procedures because he was not an officer or shareholder of Saddle Hill Farms, Inc., the corporate owner of the subdivision. At trial, defendant sought to question Gatewood concerning the existence of any corporate records authorizing his self-appointment to the architectural review committee and was not permitted to do so.

It is true that shareholders generally have the right to examine corporate books and procedures for any proper purpose. (*Weigel v. O'Connor* (1978), 57 Ill. App. 3d 1017, 373 N.E.2d 421, *appeal denied* (1978), 71 Ill. 2d 606; *Briskin v. Briskin Manufacturing Co.* (1972), 6 Ill. App. 3d 740, 286 N.E.2d 571, *appeal denied* (1972), 52 Ill. 2d 597.) However, defendant does not assert he is a shareholder of Saddle Hill Farms, Inc., and on that basis has the right to inspect the corporation's records pursuant to section 7.75 of the Business Corporation Act of 1983. (Ill. Rev. Stat. 1985, ch. 32, par. 7.75.) Instead, defendant argues he has standing as a member of the Saddle Hills Community Association, Inc., to challenge the procedures relating to the subdivision's architectural review committee. However, the present issue is based exclusively on the power to appoint the committee's membership, and the declaration of protective covenants for the subdivision expressly states that the architectural review committee is to be appointed by Saddle Hill Farms, Inc. Although the Saddle Hills Community Association may appoint successors to a vacancy on the committee where the association gives 30 days written notice, defendant has failed to allege the existence of a vacancy on the committee, written notice by the association regarding the appointment of a successor, or that the association played any role at all in appointing Gatewood to the committee. We fail to see how defendant's membership in the association gives him standing to challenge or examine the procedures for appointment within Saddle Hill Farms, Inc., a separate corporate entity.

■ Defendant also argues he may challenge the corporation's methods of appointment because he has standing to question the applicability of covenants which run with his land, citing *People ex rel. J. H. Anderson Monument Co. v. Rosehill Cemetery Co.* (1954), 3 Ill. 2d 592, 122 N.E.2d 283, where the court held that a plaintiff in a *quo warranto* action, who was not a shareholder of the defendant corporation, had standing to challenge defendant's actions as outside the scope of its charter because of plaintiff's unique personal interest in the action. (3 Ill. 2d 592, 595-96, 122 N.E.2d 283.) However, *quo warranto* actions are highly extraordinary proceedings (*People ex rel. Carey v. Lincoln Towing Service, Inc.* (1977), 54 Ill. App. 3d 61, 65, 369 N.E.2d 94; *Department of Illinois Disabled American Veterans v. Bialczak* (1976), 38 Ill. App. 3d 848, 850, 349 N.E.2d 897), and rulings based upon them are therefore not readily analogized to other types of actions. Moreover, the issue of whether defendant lacked standing to dispute the applicability of covenants running with the land was not raised or ruled upon in the trial court and defendant may not do so for the first time on appeal. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872; *Harris Trust & Savings Bank v. Duggan* (1983), 95 Ill. 2d 516, 526, 449 N.E.2d 69.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

REINHARD and WOODWARD, JJ., concur.