(No. 11371.—Decree affirmed.)

GEORGIA DYMEAK, Appellee, *vs.* NELS P. CHRISTJENSEN, Appellant.

*Opinion filed June 21, 1917.*

1. EASEMENTS—*what conduct estops owner of land to deny existence of right of way over his land.* The conduct of an owner of land through which a private right of way has been set off for fifty years by a hedge fence, in cutting down the hedge and putting up a wire fence, leaving the right of way but making it narrower, is inconsistent with his denial of the existence of the private right of way.

2. SAME—*when dominant owner is entitled to use of right of way as originally marked by a hedge fence.* Where an owner of land through which a private right of way has been used for fifty years by the adjoining proprietor, cuts down a hedge fence along the right of way and puts up a wire fence, which leaves the way narrower, the adjoining proprietor will be entitled to the right of way as originally marked by the hedge, the evident purpose of which was to bound the right of way, and the owner of the servient estate may be required to reconstruct his fence along the line of the hedge as shown by a plat made by the county surveyor, where he has not shown such plat to be wrong.

APPEAL from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

W. R. HUNTER, and C. M. CLAY BUNTAIN, for appellant.

E. P. HARNEY, and J. BERT. MILLER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellee is the owner of the southeast quarter of section 31, in township 32, north, range 14, east of the third principal meridian, in Kankakee county, excepting a tract of two and one-half acres off the east side thereof, which constitutes the right of way of the Chicago and Eastern Illinois Railroad Company, which runs north and south across this section. Appellant is the owner of the south half of the southwest quarter of section 32, lying immediately east of the land owned by appellee. A public highway, known as the Chicago, Danville and Vincennes road, runs in a northerly direction along the east side of appellant's land, approximately 2500 feet east of the railroad right of way. The only means of ingress and egress to and from appellee's land is over the strip of land in controversy claimed as a private way by appellee along the south side of appellant's land, extending from appellee's property east to the public highway above mentioned. For approximately fifty years the strip of land in controversy has been used by appellee and his immediate grantors as a way across the land of appellant. For nearly the same length of time a hedge fence extended along the north line of such private way, which hedge fence was about 43 feet north of the south line of appellant's land, and appellee claims it constituted the north boundary line of the private way. In November, 1914, appellant pulled out the hedge fence and erected in its stead a wire fence 33 feet north of the south line of his land along the entire length of the private way. Appellee claims the wire fence as constructed by appellant encroaches upon the private way and for part of the way is built in the beaten track used by him, and thereby constitutes an obstruction of the use of such private way. Appellee filed his bill in chancery in the circuit court of Kankakee county seeking to compel appellant to remove such wire fence to the line of the old hedge fence and to per-

petually enjoin him from in any way obstructing appellee in the free use of such private way.

Appellant by his answer to the bill denied the strip of land in controversy had been used as a private way for fifty years, as claimed by appellee, or that the wire fence as constructed by him is an encroachment upon or obstruction of such private way. He further alleged that the hedge fence formerly on the north line of such private way was not set out on a definite or true line but was irregular and crooked, and grown up to such an extent that it shaded the land north of it and extended south almost to the center line of the private way; that the same condition existed with respect to a hedge fence which ran along the south line of the right of way; that in November, 1914, he went to appellee and informed him that he contemplated pulling out the hedge fence on the north line and erecting in its place a proper wire fence, and asked appellee's aid in locating and laying out the line for the construction of such fence; that with the assistance of appellee he measured off the width of such supposed private way and agreed upon a true line for the construction of said wire fence and located the same by driving stakes upon the line agreed upon; that immediately thereafter he constructed the wire fence upon and along the line so agreed upon as the north line of such private way; that, relying upon such agreement with appellee, he expended more than $100 in and about the construction of such fence, by reason of which facts appellee is now estopped from claiming such wire fence is not upon the true line of such private way.

A replication was filed to the answer and the cause was heard by the court. At the conclusion of the hearing the court entered a decree finding appellee was entitled to a private way across the land of appellant of the full width of the distance between the two hedge fences which formerly bounded such private way, which was 43 feet in width at its intersection with the public highway on the east and

44.9 feet in width at its intersection with the right of
way of the Chicago and Eastern Illinois Railroad Company
on the west. The court further found the wire fence con-
structed by appellant was not on the line of the former
hedge fence but constituted an encroachment on appellee's
private way and an obstruction of it and ordered the same
removed to a line which it found to be the line of the for-
mer hedge fence, and perpetually enjoined appellant from
thereafter obstructing appellee in the free use and enjoy-
ment of such private way. This appeal followed.

There is but little controversy in this case as to the right
of appellee to a private way over the land of the appellant.
The evidence shows, beyond question of a doubt, that for
more than fifty years past appellee and his grantors have
asserted such right and used the way in question without
any hindrance or obstruction from appellant or his grantors.
The use has been open, visible, continuous and unobstructed
during all of this time and is the only way appellee has to
reach a public road from his land. Such right has never
been disputed by any of the prior owners of the land now
owned by appellant and cannot well be said to be disputed
by appellant except as to the width of such private way,
as his answer alleges and his evidence shows he recognized
such right in appellee and went to him for the purpose of
having him assist in marking off the line of such claimed
private way. He also recognized such right in appellee
when he fenced off to him a strip of land approximately
two rods in width along the way of the claimed right of
way. Such conduct is inconsistent with the denial of the
right of appellee to a private way over his lands. ·

As to the extent or width of the private way, the evi-
dence shows that approximately fifty years ago the hedge
fence in question was set out by the then owner of appel-
lant's land along what was formerly the north line of this
private way, and that from that time until the present has
been recognized by the successive owners as constituting the

north boundary line of such private way; also that during all of the time that has intervened since that time the owner of the property now owned by the appellee has enjoyed the use of the full width of the land between the hedge fences as such private way. No reason can be conceived for the construction of the hedge fence which formerly extended across this land except to mark the north boundary line of such private way, and we think that was its only purpose. It could have been done for no other purpose. If that is true,—and we think it is,—appellee is rightfully entitled to the use of the full width of the land so set off and marked out to him by such fences. In *Town of Harmony* v. *Clark,* 250 Ill. 57, we held that the width of a road not originally laid out under the statute by the highway commissioners might be determined by the fences built by the owners on each side of it, whether the road existed by prescription or dedication. We think the same rule applies to a private way, and that in this case, in the absence of other proof, we must hold that the extent of appellee's right of way across appellant's land was that set off and marked by the fences constructed along its boundary line more than fifty years ago and ever since that time recognized as marking and fixing such boundary line.

On the question of laying out and establishing a new north boundary the testimony of the witnesses was conflicting. The testimony on the part of appellant is denied by that on behalf of appellee, and, so far as we are able to ascertain, by witnesses of apparently equal credibility. The trial court saw the witnesses and heard them testify and was in a better position than we are to judge as to the weight that was to be given to their testimony. By its decree the court has found in favor of the witnesses in behalf of appellee, and we find nothing in the record before us which would justify us in disturbing such finding.

It is further contended that the decree is erroneous in that it requires appellant to take up and remove the posts

and wire fence built by him on the said private way to a line established by the county surveyor of Kankakee county which it is claimed is not on the line of the old hedge fence but at some points varies from it. It appears from the evidence that L. C. Looker, the county surveyor, went upon the premises about six months after the hedge had been removed and from the hedge roots and other evidences as to where the hedge fence formerly stood ran the line of the old hedge fence and made a map or plat of the private way, which is the one adopted by the court and referred to in the decree. The testimony of Looker is also corroborated by that of William Fox, who pulled out the old hedge, who testified that he made measurements at different places along the private way at the time he was pulling out the hedge, which measurements show that the distance between the old hedge fence and the fence on the south was substantially the same as that shown on the plat of Looker. The testimony of these witnesses shows that there was sufficient remaining of the old hedge fence to show with reasonable certainty its lines, and we are satisfied from the examination of the evidence we have made that the north line of the private way as shown by the plat substantially follows the line of the old hedge fence and that it allows no more land for the private way than was formerly included in it. If the line as shown by Looker is not correct the appellant should have shown wherein it was wrong, so that the right line might have been established. He cannot take advantage of his wrongful act in destroying the old hedge to force upon appellee a narrower strip of land than he had a right to before the hedge fence was removed. If the new fence is not on the line of the old it is appellant's fault and not appellee's, and he cannot be permitted to take advantage of his own wrong to the injury of appellee.

Finding no reversible error in the record the decree of the circuit court will be affirmed. *Decree affirmed.*