Henry H. Ruck, et al., Plaintiffs-Appellees, v. Midwest Hunting and Fishing Club, Estate of Mabel E. Grimm, Deceased, Richard Tobias, et al., Defendants, and James Herman, Defendant-Appellant.

Gen. No. 68–102.

Second District.

December 30, 1968.

Rehearing denied February 3, 1969.

Frank M. Daly, of Waukegan, for appellant.

Thomas P. Stepanich, of Mundelein, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

Defendants appeal from a decree which finds and decrees that plaintiffs, together with all other owners of lots in the Grand Bluff subdivision, have a prescriptive right to travel over a certain road for purpose of ingress and egress to the lots in the subdivision.

The plaintiffs are the owners of certain lots in the subdivision. The defendant, James Herman, is the owner of adjacent premises which he devotes to farming. Between the premises of the plaintiff and defendant is a right-of-way known as Grand Avenue and dedicated in the original plat of subdivision in 1892. Grand Avenue is a 14-foot easement apparently intended to provide the only access to the property of the plaintiffs. Over the years gravel has been placed on the access route to plaintiffs' property and it appears that, at the time the case was heard in the trial court, the gravel was not on the dedicated right-of-way of Grand Avenue but rather adjacent to it and mostly on the property of the defendant, Herman. In addition to that, the width of the gravel drive or roadway had increased over the years as a result of the addition of gravel and the spreading of the gravel caused by the use of the roadway. In past years various of the plaintiffs have put up fences and, in one or two cases, have placed garages on the right-of-way of Grand Avenue. Except for the gravel roadway, Herman's property is unenclosed and is devoted to agricultural purposes.

There is a dispute in the evidence as to when the roadway came into existence at its present location, but in view of the conclusions we reach, a finding in that connection is not necessary. Over the years, whenever the opportunity presented itself, the defendant and his predecessors in title objected to the various encroachments by the plaintiffs beyond the dedicated right-of-way of Grand Avenue. The evidence is clear and uncontradicted that on each occasion, when given the opportunity, the defendant objected, instructed the plaintiffs or their predecessors in title to remove the obstructions and, in general, engaged in a consistent course of conduct indicating that he did not acquiesce in the obstructions.

The plaintiffs brought this suit alleging that they had acquired a permanent right to use the roadway as it

now exists by adverse possession. In the alternative, plaintiffs allege that they had an easement by implication or, in the further alternative, that they had a license from the defendant, Herman, which the defendants should be enjoined from revoking.

The defendant, Herman, urges that the only possible theory upon which the plaintiffs could prevail is by proof that they had an easement by prescription; and that the plaintiffs could not have an easement by prescription because they had failed to prove that the use of the road was continuous and uninterrupted for a period of twenty years, that it was under a claim of right, and that the defendant acquiesced in the use of the road.

The plaintiffs concede that they do not have an easement by prescription but claim that their rights arise by adverse possession.

Significantly, the plaintiffs have not claimed and do not claim that they ever acquired any title to the premises in question. At the very most they claim a right to use the premises and, indeed, the trial judge found only that the plaintiffs "have a prescriptive right to travel over the said existing traveled road."

██ ██ Through the years the courts have, on many occasions, distinguished rights acquired by prescription and by adverse possession. The two doctrines have similar elements to some degree, but they do vary in elements of proof required, and their purpose is quite different. Adverse possession is concerned with the acquisition of fee title to certain property, whereas prescription applies to the acquisition of incorporeal hereditaments and not fee title, Plaza v. Flak, 7 NJ 215, 81 A2d 137. See also 2 CJS, "Adverse Possession," § 1, page 512. Therefore, since the plaintiffs are not claiming that they own or have acquired fee title to the premises in question, but only claim a right-of-way, they must prevail, if at all, under the rules applying to easements by a

188

prescription and not under the rules applying to adverse possession.

■ To establish an easement by prescription it is necessary for the plaintiffs to show that the use was adverse, uninterrupted for a period of twenty years, exclusive, continuous and under a claim of right, Lang v. Dupuis, 382 Ill 101, 107, 46 NE2d 21 (1943).

■ The phrase "exclusive" does not mean that no one may use the easement except the claimant but only that the claimant's right does not depend on a like right in others, Rush v. Collins, 366 Ill 307, 314, 315, 8 NE2d 659 (1937).

The doctrine of a prescription arose out of the ancient common-law fiction of a "lost grant." It developed on the theory that where a right-of-way existed with the knowledge and acquiescence of the owner of the premises for a sufficient period of years, it was presumed that he or his predecessors in title had actually granted an easement and that the easement document had been lost. Otherwise, presumably, the owner would not have acquiesced in such enjoyment for so long a period when it was to his interest to have interrupted it, unless he felt conscious that one party enjoying it had a right and title to it which could not be defeated. The fictional loss of the easement was created so that the presumptive intention of the parties and the acquiescence of the owner of the land could be carried out, Rush v. Collins, supra, at page 315.

■ While the law presumes an easement when facts are shown which admit of such presumption, yet such facts are not presumed but must be established by the greater weight of the evidence. Bontz v. Stear, 285 Ill 599, 604, 121 NE 176 (1918); Rush v. Collins, supra, at page 315.

The need for the presumption and the remedy of prescription arose because statutes of limitations for the

189

acquisition of title by adverse possession were generally held not to apply to easements or other incorporeal rights. The doctrine of prescription arose in the common law as an analogy to acquiring title to land by adverse possession with the differences in applicable principles which we have noted. Hester v. Sawyers, 41 NM 497, 71 P2d 646, 649 (1937).

We come then to a consideration of what is meant by the requirement that the use be "adverse" to the owner. It is obvious that this use cannot be with the permission of the owner, since where permission is granted the use cannot ripen into a prescriptive right regardless of the length of time such use is enjoyed. Bontz v. Stear, supra, at page 604.

██ A study of the cases indicates to us that the requirement of adverse use means that the use must be with the knowledge and acquiescence of the owner but without his permission. This is consistent with the theory of the "lost grant" since it is presumed that where a person knows of the use of his land by another and acquiesces, he recognized the claim of the other to make that use of the land.

As the Supreme Court said in the case of Cleveland, C., C. & St. L. R. Co. v. Munsell, 192 Ill 430, 435, 61 NE 374 (1901), "To create in him an easement by prescription, there must have been not only a continuous and uninterrupted enjoyment and use of the passway for a period of twenty years, with the acquiescence of the owner but it must have been adverse to the owner and under claim of right. . . ." In Wills v. Babb, 222 Ill 95, 106, 78 NE 42 (1906), the Supreme Court said, "The law is well settled that before a prescriptive right to flood the land of another can be sustained, it must appear (1) that the lands have been flooded for a period of twenty years or more; (2) that the flooding was adverse and uninterrupt-

ed; and (3) that the flooding took place with the knowledge and acquiescence of the land owner."

The rule that acquiescence is necessary to establish an easement by prescription was also apparent from the case of Allen v. Michel, 38 Ill App 313 (1890), wherein the court said at page 319, "Upon the point of right by prescription, we think it is clearly settled that the acquiescence of the plaintiff is an essential element, necessary to be established by the defendant. Mere knowledge is not sufficient . . . ."

Applying the foregoing rule of law to the facts before us it is clear that the defendant had knowledge of the use of the road on their property by plaintiffs but never acquiesced in such use. The defendant and all of his predecessors in title followed a consistent course of conduct. On every occasion they objected to the use of their premises for the roadway. On no occasion did they acquiesce or engage in any conduct which indicated acquiescence or that the plaintiffs had any claim of right in the premises.

We conclude, therefore, that the plaintiffs have failed to prove one of the essential elements to their claim. They have failed to prove that the defendant acquiesced in their use of the property.

The cause is therefore reversed and remanded to the trial court with instructions to dismiss the complaint for want of equity.

Reversed and remanded.

DAVIS and SEIDENFELD, JJ., concur.