Schiff *v.* Upper Salford Township, Appellant.

Argued April 15, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Richard A. Rosenberger,* with him *Souder, Rosenberger and Bricker,* for appellant.

*Arthur F. Loeben, Jr.,* with him *Wells, Campbell & Wells,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1974:

This appeal arises from a final decree in equity which enjoined Upper Salford Township (the township) from further discharging surface water upon appellee Peter Schiff's property.

On February 9, 1970, Schiff purchased a home on Salford Station Road within the township. For a period of thirty years preceding the purchase, a drainage pipe, located under Salford Station Road, had drained water onto the Schiff property. In July of 1970 the township resurfaced Salford Station Road and also widened, deepened and sloped the ditch bank in which the drainage pipe was located. This work, as testified to by Schiff, substantially increased the amount of water flowing through the drainage pipe which emptied onto Schiff's land. As a result of this increased flow, Schiff's property became swampy, which caused erosion of Schiff's topsoil and damage to his trees and shrubbery. Schiff brought an action in equity to enjoin

the water flow and also requested damages. The chancellor granted a permanent injunction, prohibiting the township from discharging water onto Schiff's property, but denied damages.[1] The township then filed this appeal.

In this appeal, neither party disputes the fact that the township has acquired by prescription an easement to drain surface water onto Schiff's property. This finding of a prescriptive easement is supported by the chancellor's findings of fact that the township had been draining surface water onto Schiff's property for some thirty years prior to Schiff's purchase of the property, and, therefore, the prescriptive right was enforceable against Schiff. See *Spring City Foundry Co. v. Carey,* 434 Pa. 193, 252 A.2d 666 (1969).

Having found that the township had acquired a prescriptive right to drain surface water upon Schiff's property, we must now determine whether the township's increased use of that right was proper. The chancellor held that the increased use was not allowable under the township's prescriptive easement, following the principle that where the owner of a prescriptive easement undoubtedly has the right to continue the use, he may not unreasonably increase that use beyond the original use he acquired by prescription. *Bodman v. Bodman,* 456 Pa. 412, 321 A.2d 910 (1974), *Shaffer v. Baylor's Lake Assn., Inc.,* 392 Pa. 493, 141 A.2d 583 (1958), *Jones v. Crow,* 32 Pa. 398 (1859), and *L. D. Gildersleeve v. Boro. of North East Pa.,* 52 Erie 89 (1967).

The township argues that the evidence was insufficient to support the chancellor's finding that the work done by the township increased the surface water flowing onto Schiff's land. An examination of the record

---

[1] Schiff does not appeal from the chancellor's denial of money damages.

supports the chancellor's finding. As we have said many times, findings of fact of a chancellor, approved by a court en banc, have the weight of a jury verdict and will not be disturbed on appeal if there is adequate evidence in the record to sustain these findings. See *Rubin v. Lustro Tile Prod. Corp.,* 411 Pa. 549, 192 A.2d 731 (1963).

Since the chancellor correctly reasoned that the increased use by the township was unreasonable and not permissible under its prescriptive right, and we have in the past upheld injunctions against a municipality when it unreasonably increases drainage of surface water onto a landowner's property, we find no error in the court's final decree. See *St. Andrew's Ev. L. Ch. v. L. Providence Twp.,* 414 Pa. 40, 198 A.2d 860 (1964).

Decree affirmed. Costs to be borne by appellant.