RAYMOND BURROWS *et al.*, Plaintiffs-Appellants, *v.* HERBERT DINTLEMANN, Highway Commissioner, Oakdale Township, *et al.*, Defendants-Appellees.

Fifth District    No. 76-83

Opinion filed August 5, 1976.

Sprague, Sprague & Ysursa, of Belleville (Thomas M. Daley, of counsel), for appellants.

Green & Cross, of Nashville (William R. Pearcy, of counsel), for appellee Clifford Mayer.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This action was brought in the circuit court of Washington County by plaintiffs, Raymond and Nancy Burrows and Russell and Janetta Ramsey, against defendants, Herbert Dintlemann, Highway Commissioner for the Township of Oakdale, the Town of Oakdale and Clifford Mayer. On April 1, 1974, plaintiffs purchased a tract of land over which runs a road leading to and ending at defendant Mayer's adjoining property. On November 14, 1969, the Highway Commissioner had entered on the town road record a declaration that the road was a public not a private road. The plaintiffs filed an amended complaint in equity seeking to expunge the declaration from the town road record and to quiet plaintiffs' title from any claim by defendant Mayer. After a bench trial, the court entered an order expunging the declaration from the township records and in addition finding defendant Mayer to have an easement by prescription for the road running over plaintiffs' land. Plaintiffs appeal that portion of the judgment in favor of defendant Mayer.

■■ ■ The sole question presented for review is whether the trial court's finding is contrary to the manifest weight of the evidence. In Illinois, to establish an easement by prescription the use must be adverse, exclusive, continuous and uninterrupted, under claim of right, with knowledge of the owner of the land and without his consent, for the

statutory limitation period. (*Mueller v. Keller*, 18 Ill. 2d 334, 164 N.E.2d 28.) As stated in *Ruck v. Midwest Hunting & Fishing Club*, 104 Ill. App. 2d 185, 189, 243 N.E.2d 834, 836:

> "The doctrine of a prescription arose out of the ancient common-law fiction of a 'lost grant.' It developed on the theory that where a right-of-way existed with the knowledge and acquiescence of the owner of the premises for a sufficient period of years, it was presumed that he or his predecessors in title had actually granted an easement and that the easement document had been lost. Otherwise, presumably, the owner would not have acquiesced in such enjoyment for so long a period when it was to his interest to have interrupted it, unless he felt conscious that one party enjoying it had a right and title to it which could not be defeated. The fictional loss of the easement was created so that the presumptive intention of the parties and the acquiescence of the owner of the land could be carried out, Rush v. Collins, supra, at p. 315."

As we stated in *Ritter v. Janson*, 80 Ill. App. 2d 169, 172-73, 224 N.E.2d 277, 279:

> "[W]ith regard to land, which is not vacant, open, or unenclosed, where a way has been used openly, uninterruptedly, continuously, and exclusively for more than a period of twenty years, and where the origin of the way is not shown, there is a rebuttable presumption that a grant or an adverse right is present. Leesch v. Krause, 393 Ill. 124, 65 N.E.2d 370; Poulos v. Hill Co., 401 Ill. 204, 81 N.E.2d 854; Petersen v. Corrubia, 21 Ill. 2d 525, 173 N.E.2d 499. But the facts which give rise to this presumption must be established by the greater weight of the evidence. Bontz v. Stear, 285 Ill. 599, 121 N.E. 176; Parker v. Rosenberg, 317 Ill. 511, 148 N.E. 269; Petersen v. Corrubia, supra."

Where on the other hand, the use of land is merely permissive from the owner it is not adverse and it cannot ripen into a prescriptive right. (*Mueller v. Keller*, 18 Ill. 2d 334, 164 N.E.2d 28; *Ritter v. Janson*, 80 Ill. App. 2d 169, 224 N.E.2d 277.) Moreover, evidence of the neighborly relationship between the parties (*Piper v. Warren*, 61 Ill. App. 2d 460, 210 N.E.2d 71), or that the land used is vacant, unenclosed and unoccupied may give rise to a rebuttable presumption that the land was used by the permission of the owner. *Poulos v. F. H. Hill Co.*, 401 Ill. 204, 81 N.E.2d 854; *Rita Sales Corp. v. Bartlett*, 129 Ill. App. 2d 45, 263 N.E.2d 356.

On appeal, plaintiffs do not dispute the evidence showing that defendants' use of the land in question was exclusive, continuous and uninterrupted, under claim of right, for more than 20 years, with the

knowledge of plaintiffs and their predecessors in title and that the origin of the use by defendants' predecessors in title was not shown. Plaintiffs contend, however, that the evidence shows that defendants' use of the land was not adverse but was with the specific permission of prior owners of the land. Additionally, plaintiffs contend that such permission may be presumed by the evidence showing a neighborly relationship between the parties and by evidence showing that the land was originally vacant, unenclosed and unoccupied.

In considering what is meant by the requirement that the use must be "adverse" to the owner of the land, the court stated in *Ruck v. Midwest Hunting & Fishing Club*, 104 Ill. App. 2d 185, 190, 243 N.E.2d 834, 857:

> "A study of the cases indicated to us that the requirement of adverse use means that the use must be with the knowledge and acquiescence of the owner but without his permission. This is consistent with the theory of the 'lost grant' since it is presumed that where a person knows of the use of his land by another and acquiesces, he recognized the claim of the other to make that use of the land."

The question of whether a use is one which is adverse to the owner is one of fact to be determined by the trier of fact. *Rita Sales Corp. v. Bartlett*, 129 Ill. App. 2d 45, 263 N.E.2d 356.

■■ After a careful review of the record, we agree with plaintiffs that facts were sufficiently shown giving rise to a presumption of permissive use. However, the record also shows ample support for the trial court's finding that defendant Mayer overcame the presumption of a permissive use by positive evidence of adversity. One of plaintiffs' predecessors in title, Heggemeier, testified that defendant told him that defendant had used and would continue to use the road claiming a right to do so. Heggemeier responded that, "as far as I was concerned, he could use it." Plaintiffs would have us disregard defendants' positive claim of right to use the road and find that Heggemeier's response shows specific permission. In our opinion, in light of defendants' assertion of right, Heggemeier's response was merely acquiescence to that assertion. Another prior owner of plaintiffs' land, Germain, testified that when he informed defendant of his intention to block the road, defendant objected and claimed a right to use the road without obstruction. The road was never blocked. Testimony showed that defendant never asked for nor offered to pay for permission to use the road but instead always claimed a right to use it. The testimony of Heggemeier and Germain showed a recognition and acceptance of the claim and concomitantly nonaction in response to it. While we note that at one point in the trial, when asked if he had "permission" to use the road, defendant replied that he had, we nonetheless believe that in light of the evidence of defendants'

87

repeated assertions of a right to make use of the road and of Heggemeier's and Germain's acquiescence thereto, the trial court's finding of adversity was not against the manifest weight of the evidence.

The judgment of the circuit court of Washington County is affirmed.

Affirmed.

KARNS, P. J., and G. J. MORAN, J., concur.