GABRIEL VALLAS *et al.*, Plaintiffs-Appellants, *v.* HENRY JOHNSON *et al.*, Defendants-Appellees.

Third District   No. 78-324

Opinion filed May 31, 1979.

Charles W. Kohr, of Mathis, Sloan, Littler & Kohr, of Peoria, for appellants.

David B. Radley, of Baymiller, Christison & Radley, of Peoria, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Gabriel and Idora Vallas filed suit in the Circuit Court of Peoria County seeking to have an easement of ingress and egress across their property limited to 12 feet in width. The defendants, Henry and Dorothy Johnson, answered by way of counterclaim seeking to have the court define the same easement as being 25 feet wide. The trial court, sitting without a jury, heard the evidence offered by both parties to this dispute and determined that the proper dimension of the easement was nineteen feet of even width. Plaintiffs appeal from this decision raising three issues; there is no cross-appeal.

Defendants obtained title to a tract of land lying to the south and west of plaintiffs' property in 1955. In defendants' warranty deed of that date, an easement is described as follows:

> "[A]lso a right of way in common with others over a certain private road extending north from the east end of the last described strip of land over part of section 15, in said Township and Range, to a Public Highway * * *."

It is the agreement of the parties that the easement in dispute is the one described as a "right of way in common with others." However, nowhere in the public records is the location or width of the easement for right of way set forth. "Where the width of a way is not specifically defined in the grant or reservation, the width is such as is reasonably convenient and necessary for the purposes for which the way was created. In such a case, the determination of width becomes basically a matter of the construction of the instrument in the light of the facts and circumstances existing as its date and affecting the property, the intention of the parties being the object of the inquiry." 25 Am. Jur. 2d *Easements* §78 (1966).

It follows then that the trial court properly considered testimony offered as to the actual use of the lane running north and south along the westerly portion of the plaintiffs' property. This evidence of actual use even predating defendants' ownership of the dominant tract is probative as to the "intention of the parties." Indeed, both parties agree that

evidence of actual use is the only avenue available to establish the intention of the parties. What the evidence of actual use revealed was that the lane was used as an access road for people wanting to reach the defendants' property and other lands to the west and south. This lane passed through an opening in the fence that extended across the south boundary of plaintiffs' property.

■ On appeal, plaintiffs contend that the manifest weight of the evidence proffered at trial as to the actual use of the easement does not support the decision reached below. We disagree. There is evidence in the record that the easement measured 16 feet, 9 inches at its narrowest point and 25 feet at its widest point according to a survey conducted for the purpose of this litigation. The testimony in the record also shows that plaintiffs have recently constructed a "Cyclone" fence on their property which restricts the easement at its narrowest point to the aforementioned dimension. The opinion of defendants' predecessor in title, if believed, demonstrates that this newly constructed fence is five to six feet closer to the road than the barbed wire fence that it replaced. Further, there is testimony in the record by two gas company truck drivers who have regularly made deliveries by way of the easement in question that since the new fence has been installed, it is increasingly difficult to navigate the easement. Both drivers indicated that the reason for this difficulty in navigation was a constriction in the width of the easement.

■ Plaintiffs assert that defendants have completely failed to establish that the width of the easement should be greater than it measured at the time of the filing of the complaint. On the contrary, our reading of the record reveals that the great weight of the evidence supports the contention in defendants' counterclaim that plaintiffs, by constructing a fence along a part of said right-of-way, wrongfully limited the width of same. It is no comfort to the plaintiffs that none of defendants' witnesses actually measured the width of the easement before the construction of the fence. Just as a lay witness may properly offer an opinion as to the distance required to stop an automobile (*Barrows v. Midwest Transfer Co.* (1955), 4 Ill. App. 2d 191, 124 N.E.2d 20). so too the lay witness may properly offer an opinion as to the distance by which the width of a right-of-way has been narrowed. Though the weight to be given such an opinion is subject to attack on cross-examination, it is by no means inadmissible and stands as evidence which the trier of fact may properly consider. Such evidence as to the measure of the width of this easement was properly before the trial court. We will not second-guess the trial court in regard to the credibility that should be accorded such lay testimony.

■ As a second contention on appeal, plaintiffs contend that an easement by prescription cannot be expanded to meet the needs of the user. However, plaintiffs concede in their brief that it is not clear whether the

easement of right-of-way arises by deed or by prescription. While it appears that the trial court considered the easement as one created by deed, we find it unnecessary to determine this issue on appeal. As previously noted, where an easement by deed is undefined as to location and width, such details are dependent on the intent of the parties. (25 Am. Jur. 2d *Easements* §78 (1966).) Furthermore, the intent of the parties can be evidenced by the extent of actual use. Alternatively, if the easement arises by prescription, the extent of prescriptive use defines the easement. (*Dymeak v. Christjensen* (1917), 29 Ill. 242.) In either case, evidence of actual use is the appropriate consideration and the evidence of actual use which appears in the record supports the trial court's decision.

■ Finally, plaintiffs contend that defendants have not submitted to the jurisdiction of the court with "clean hands." (*Bilhuber v. Bilhuber-Wawak Co.* (1927), 245 Ill. App. 552.) They charge that defendants could navigate the narrowest easement by regrading the lane on defendants' property as that lane approaches the easement. They argue that it is inequitable to impose the burden of a wider easement on the servient estate when the problem could be alleviated in this manner. While this contention might have merit if the easement in the case at bar were created by necessity or by implication, those are clearly not the facts before us. In the case of an easement by deed or by prescription, "[w]hen the character of [the] easement is once fixed, no material alterations can be made by either the servient or easement owner without the other's consent." (25 Am. Jur. 2d *Easements* §87 (1966).) There is no evidence in the record of defendants' consent, and they may enforce their legal right to maintain the character of the easement as fixed by actual use. It is not incumbent upon the defendants to regrade their approach to the easement to accommodate plaintiffs' wrongful alteration of its character.

After careful scrutiny of the evidence in the record, and upon consideration of the oral and written arguments of counsel, we affirm the decision of the court below.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.