ROBERT DEBOE *et al.*, Plaintiffs-Appellees, v. JAMES FLICK *et al.*, Defendants-Appellants.

Fifth District No. 5—87—0323

Opinion filed July 14, 1988.

Neubauer & Heise, of Fairview Heights, for appellants.

Lechien & Associates, Ltd., of Belleville, for appellees.

JUSTICE KARNS delivered the opinion of the court:

James and Pamela Flick, defendants (the Flicks), appeal from the judgment of the circuit court of St. Clair County granting a prescriptive easement in favor of Robert and Hattie Deboe, plaintiffs (the Deboes), and entering a permanent injunction against them from inter-

fering with the Deboes' use of this easement. The court further ordered the removal of a 90-foot chain link fence erected by the Flicks on the property in question. We reverse.

The Deboes and the Flicks are next door neighbors, with the Deboes residing at 420 North Church Street in Belleville, Illinois, and the Flicks at 426 North Church Street. The Deboes purchased their house in March of 1974. Their predecessors in title, Howard and Myrtle Viehman, resided in the same residence from the 1940s till the time they sold it to the Deboes. The Flicks purchased their home in February 1984. Their immediate predecessor in title was Dennis Hermann, who lived in the house from March of 1970.

Between the Flicks' and the Deboes' properties is a double wide driveway. In October 1985, the Flicks erected a chain link fence approximately 10 inches inside their property line down the length of the driveway. The south side of the Deboe house is eight feet from this property line. The Deboes found that the fence obstructed their use of the side of their house for parking and for ingress and egress to the back of their house. The Deboes therefore instituted this suit to have a prescriptive easement declared on a portion of the Flicks' driveway.

The Flicks argue on appeal that the trial court's decision finding a prescriptive easement in favor of the Deboes is against the manifest weight of the evidence. We agree with the Flicks' contention.

■ In order to acquire an easement by prescription, the party claiming such a prescriptive right must show that the use of the land was adverse, exclusive, continuous and uninterrupted, and under claim of right for a period of at least 20 years. (*Schultz v. Kant* (1986), 148 Ill. App. 3d 565, 569, 499 N.E.2d 131, 135; *Healy v. Roberts* (1982), 109 Ill. App. 3d 577, 579, 440 N.E.2d 647, 649.) The burden of establishing a prescriptive right rests on the party claiming it, and all elements must be distinctly and clearly proved. (*Monroe v. Shrake* (1941), 376 Ill. 253, 257, 33 N.E.2d 459, 461; *Schultz*, 148 Ill. App. 3d at 569, 499 N.E.2d at 135.) The Deboes established neither that their use of the driveway was adverse nor that it was for a continuous period of 20 years.

■ To meet the requirement of adverse use, the claimant must show that the use of the property or way was with the knowledge and acquiescence of the owner but without his permission. (*Light v. Steward* (1984), 128 Ill. App. 3d 587, 591, 470 N.E.2d 1180, 1184; *Healy*, 109 Ill. App. 3d at 579-80, 440 N.E.2d at 649-50.) Mere permission to use the land can never ripen into a prescriptive right, regardless of the length of time such permissive use is enjoyed. (*Poulos v. F. H.*

*Hill Co.* (1948), 401 Ill. 204, 214, 81 N.E.2d 854, 859; *Lang v. Dupuis* (1943), 382 Ill. 101, 107-09, 46 N.E.2d 21, 24-25; *Evanik v. Janus* (1983), 120 Ill. App. 3d 475, 485, 458 N.E.2d 962, 968.) Permissive use negates not only the adversity element of a prescriptive easement claim but also that the usage took place under a claim of right. See *Klobucar v. Stancik* (1985), 138 Ill. App. 3d 342, 344, 485 N.E.2d 1334, 1336; *Light,* 128 Ill. App. 3d at 595, 470 N.E.2d at 1187.

■ Dennis Hermann, the Flicks' immediate predecessor in title, testified he often saw the Deboes use the driveway and that they would come a foot or so onto his property. He further stated he told the Deboes that "certainly they were welcome to use [his driveway] and park there." While he later agreed on redirect that he acquiesced in the Deboes' use of his property, acquiescence is always to be found in a permissive use. (See *Monroe,* 376 Ill. at 257, 33 N.E.2d at 461.) His testimony that he gave direct permission to the Deboes, however, was never rebutted. Such permission destroys any claim of prescriptive rights.

■ ■ Even if we were to ignore Dennis Hermann's testimony, the Deboes still did not establish continuous adverse use for over 20 years. The Deboes purchased their house in 1974. While periods of use may be tacked together in order to satisfy the required prescription period (see *Light,* 128 Ill. App. 3d at 594, 470 N.E.2d at 1186), the Deboes' predecessor in title, Myrtle Viehman, did not testify to using the neighboring property. Mrs. Viehman repeatedly stated in various ways her husband only parked on their side of the property line and they would not trespass on the neighbor's side of the driveway. Assuming Mrs. Viehman's testimony is not credible because of the inference that the trucks her husband drove and parked on the side of the house were wider than could be accommodated on their property, she also alluded to the fact of some sort of agreement between her husband and the neighbors. We note that evidence of a neighborly relationship gives rise to a rebuttable presumption of permissive use. (See *Healy,* 109 Ill. App. 3d at 581, 440 N.E.2d at 650.) She further stated her husband stopped using the trucks prior to selling the house to the Deboes. They still drove a car but only occasionally parked or drove along the side of the house and certainly did not cross over the property line. There simply was no evidence of any use of the neighbor's driveway after her husband stopped using trucks. Therefore, no testimony on the record before us supports continuous adverse use for a period of over 20 years. Adverse possession cannot be made out by mere inference or implication. (*Poulos,* 401 Ill. at 213, 81 N.E.2d at 857.) We find the trial court's decision granting an ease-

ment by prescription in favor of the Deboes was against the manifest weight of the evidence.

The Deboes contend, however, the Flicks admitted adverse use for a period of 20 years by failing to properly or timely file a response to their request to admit facts. In general, under Supreme Court Rule 216 (107 Ill. 2d R. 216), if a party fails to respond properly or object to a request to admit facts within 28 days of service of the request, the facts requested to be admitted therein are admitted. (See *Kismer v. Antonovich* (1986), 148 Ill. App. 3d 508, 510, 499 N.E.2d 707, 708; *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 557-58, 375 N.E.2d 865, 869.) Application of this rule is not automatic, however, for the trial court has the discretion to allow late filings in order to prevent injustice. See *Kismer*, 148 Ill. App. 3d at 512, 499 N.E.2d at 709; *Thomas v. Village of Westchester* (1985), 132 Ill. App. 3d 190, 194, 477 N.E.2d 49, 52.

Here, we have a request to admit facts filed by the Deboes in July of 1986. The Flicks filed their response in February 1987, some six months later. No request to file their response late appears in the record. The Deboes, in the meantime, filed a motion for summary judgment based on the Flicks' failure to respond. But, again, nothing in the record reveals any disposition of or ruling on this motion. The parties proceeded to trial, and no mention is made of the Deboes' motion or the Flicks' untimely response. Only near the close of the trial does the trial court hint that facts have been admitted. At oral argument, the Deboes claim the trial court, after taking the matter under advisement, found the facts requested to be admitted admitted. Unfortunately, no such ruling appears in the record. More importantly, however, both sides introduced evidence at trial on the very facts contained in the request to admit. By so doing, the Deboes gave up any right to rely on the Flicks' "admissions." (See *Perlman v. Time, Inc.* (1985), 133 Ill. App. 3d 348, 352, 478 N.E.2d 1132, 1136; *People ex rel. Fahner v. American Buyers Club, Inc.* (1983), 115 Ill. App. 3d 759, 761, 450 N.E.2d 904, 906.) A party wishing to rely on an admission requested, but not answered, must raise the failure to respond at some point during the trial before the failure to respond will have any effect. (*Saddle Hills Community Association v. Cavallari* (1986), 150 Ill. App. 3d 134, 137, 501 N.E.2d 330, 333.) The Deboes made no mention at trial of the Flicks' failure to timely and properly respond to their request. We therefore choose to ignore the supposedly admitted facts contained in the Deboes' request to admit.

For the aforementioned reasons, we reverse the judgment of the circuit court of St. Clair County granting a prescriptive easement

over a portion of the Flicks' driveway in favor of the Deboes and dissolve the injunction requiring the Flicks to remove the 90-foot chain link fence erected on their property and further enjoining them from interfering with the Deboes' use of the easement.

Reversed.

WELCH and LEWIS, JJ., concur.