*In re* ONARGA, DOUGLAS & DANFORTH DRAINAGE DISTRICT OF IROQUOIS COUNTY (John Goldenstein, Objector-Appellant, v. Onarga, Douglas & Danforth Drainage District of Iroquois County, Petitioner-Appellee).

Third District    No. 3—88—0296

Opinion filed February 10, 1989.

Petersen, Deck, Ruch & Baron, of Kankakee (Charles E. Ruch, Jr., of counsel), for appellant.

Patrick J. Murphy, of Brock, Markwalder, Sunderland, Murphy & Spenn, of Watseka, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

John Goldenstein and Edwin Goldenstein are brothers who own a total of 240 acres of farmland in Iroquois County. Edwin owns the southeast quarter of section 27, and John is the owner of 80 acres of land lying immediately to the east in the southwestern quarter of section 26. Both parcels are in township 27 north, range 14 west of the second principal meridian in Iroquois County. Edwin's acreage is in the petitioner district, being the Onarga, Douglas, and Danforth Drainage District of Iroquois County, but John's land is not.

Both sections 27 and 26 are bordered on the south by a common roadway running east and west. This appeal stems from a dispute between the brothers regarding a drainage tile which begins at a catch basin in the southeast corner of section 27 and which extends and lies

in an easterly direction into section 26, where it empties into an open ditch. The two sections are divided by a north-south roadway under which the tile travels.

The tile which is the subject of this litigation is 10 inches in diameter. There is no document or any record which sheds light as to when or how the easement for the tile was created. There was testimony before the trial court of a speculative nature that the easement for purpose of a drainage tile might well have been in existence and use for approximately 100 years. Testimony was adduced at trial that the petitioner's district had maintained the tile for at least 40 years.

On December 3, 1984, the commissioners of the petitioner's drainage district entered into an agreement with Edwin Goldenstein to the effect that the district would replace the tile with a larger one. Tile being 24 to 30 inches in diameter was discussed by a commissioner of the petitioner. The larger tile would replace the 10-inch tile then lying under the land of John Goldenstein. Edwin agreed to reimburse the district for all expenses incurred. The record discloses that the permission or consent to larger tile and resultant larger easement was never sought from John.

On January 3, 1985, the petitioner district filed a petition in the circuit court of Iroquois County which sought the approval of the agreement it had entered into with Edwin. John objected to the petition. On April 22, 1988, the trial court entered a written order approving the December 3, 1984, agreement in all respects with the exception that the replacement tile was not to exceed 24 inches in diameter.

John appeals from the trial court's order and raises several issues for determination.

We first direct our attention to the question as to whether the petitioner's drainage district can unilaterally and without consent or authorization increase the burden of an easement on the servient tenement in circumstances presented in the instant case.

We have no difficulty in concluding that an easement by prescription for a 10-inch tile was created across John's land, but such easement was restricted to the use of a 10-inch tile. With the exception of the easement which had existed for at least 40 years, the remainder of John's land was not subject to a servient tenement. We find that an old Latin expression best describes John's position, namely, *Cujus est solum ejus est usque ad celum et ad inferos.* Translated idiomatically as follows: "To whomever the soil belongs, he owns also to the sky and to the depths." Black's Law Dictionary 453 (4th ed. 1957).

●■ ■ The cases disclose that the courts of review in our State

have been loath to increase the usage to which an easement is put even through the proposed use is relative to the original purpose of a constituted easement. See *Marlatt v. Peoria Water Works Co.* (1969), 114 Ill. App. 2d 11, 252 N.E.2d 403; *Vallas v. Johnson* (1979), 72 Ill. App. 3d 281, 390 N.E.2d 939.

As heretofore stated, the easement in the instant case was obtained by prescription. This court has held that if an easement arises by prescription, the extent of the prescriptive use defines the easement. *Vallas v. Johnson* (1979), 72 Ill. App. 3d 281, 390 N.E.2d 939. See also *Dymeak v. Christjensen* (1917), 279 Ill. 242, 116 N.E. 654.

A case quite similar to the one being considered is *Schiff v. Upper Salford Township* (1974), 456 Pa. 420, 321 A. 2d 876. In the cited case we have an easement for drainage of water acquired by prescription. After 30 years of water drainage by a pipe located under a road, the township resurfaced the road, widened, deepened and sloped the ditch where the drainage pipe was located. As the result of such changes by the township the amount of water drainage increased substantially. The plaintiff's property became swampy. Erosion of land occurred, as well as damage to trees and shrubs. The supreme court of Pennsylvania upheld the issuance of a permanent injunction prohibiting the increased flow of water. In the opinion of the Pennsylvania court, it stated: "[F]ollowing the principle that where the owner of a prescriptive easement undoubtedly has the right to continue the use, he may not unreasonably increase that use beyond the original use he acquired by prescription." 456 Pa. at 422, 321 A.2d at 877.

The objector further sets forth in his brief that the district must institute condemnation proceedings in order to increase the size and burden of its underground easement. We are not inclined to address this issue. Upon reversal of the decision of the trial court, it then becomes incumbent upon the parties as to which action if any is to be commenced. We do not deem it advisable to dictate or attempt to dictate the legal proceeding which may or may not arise in the future.

For the reason set forth the judgment of the circuit court of Iroquois County is reversed.

Reversed.

WOMBACHER and HEIPLE, JJ., concur.