ROY H. WEIHL, Plaintiff-Appellee, v. THEODORE WAGNER *et al.*,
Defendants-Appellants.

Fifth District No. 5—89—0667

Opinion filed March 25, 1991.

CHAPMAN, J., dissenting.

Crowder & Scoggins, Ltd., of Columbia (Curtis W. Martin, of counsel),
for appellants.

Otto J. Faulbaum, of Strellis, Nester, Faulbaum & Field, of Waterloo,
for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendant, Theodore Wagner, appeals from the judgment entered by the circuit court of Monroe County establishing an easement by prescription over his land.

In the spring of 1956, plaintiff, Roy H. Weihl, started farming as a tenant a 40-acre tract of land in Monroe County. In order to get to the land, Weihl used a field road which passed over a parcel of land also consisting of 40 acres directly north of the tract he was farming. This northern parcel of land was owned by the Hedenkamps. Weihl subsequently purchased the 40-acre tract he was farming in 1957 and continued using the field road to get to his acreage. In 1961, Weihl began tenant-farming the Hedenkamp land. Over the years, the Hedenkamp land went through several changes of ownership and one division. Weihl, however, continued farming the majority of the land as a tenant farmer, and at all times, used the same field to access all parcels, including his own. In 1977 the owner of one of the parcels over which the road ran asked Weihl to use a more southerly route in connection with one stretch of the field road. Weihl agreed and accordingly changed his route. In 1985 defendant Wagner purchased the east 17.5 acres of the Hedenkamp land, the parcel through which the field road ran. Wagner found no reference in his deed to any easement over the southerly part of his land corresponding to the field road Weihl used and therefore decided to prohibit Weihl's further use of the road. Weihl, in turn, brought suit to have an easement by prescription found over Wagner's land. The trial court ruled in favor of Weihl.

Wagner argues on appeal the character of Weihl's use of the field road did not establish any prescriptive rights. Furthermore, and even if such rights once existed, they were abandoned in 1977 when the location of the road was changed. We disagree.

■■ ■ In Illinois, in order to acquire an easement by prescription, the party claiming such a right must show that the use of the land was adverse, exclusive, continuous and uninterrupted, and under claim of right for a period of at least 20 years. (*E.g., Deboe v. Flick* (1988), 172 Ill. App. 3d 673, 675, 526 N.E.2d 913, 915; *Light v. Steward* (1984), 128 Ill. App. 3d 587, 593-94, 470 N.E.2d 1180, 1186; *Castle v. Yenerich* (1981), 95 Ill. App. 3d 39, 43, 419 N.E.2d 677, 680.) Having met the other criteria, the primary contention here is whether Weihl sufficiently established that his use of the field road was adverse in nature. To meet the requirement of adver-

sity, a claimant must show the use of the property was with the knowledge and acquiescence of the owner but without his permission. (*Light*, 128 Ill. App. 3d at 591, 470 N.E.2d at 1184; *Ruck v. Midwest Hunting & Fishing Club* (1968), 104 Ill. App. 2d 185, 190, 243 N.E.2d 834, 836-37.) Mere permission to use the land can never ripen into a prescriptive right, regardless of the length of time such permissive use is enjoyed. (*Petersen v. Corrubia* (1961), 21 Ill. 2d 525, 531, 173 N.E.2d 499, 502; *Deboe*, 172 Ill. App. 3d at 675, 526 N.E.2d at 915.) Permission may be established by written or oral license or may be inferred from the surrounding circumstances. (*Light*, 128 Ill. App. 3d at 591, 470 N.E.2d at 1184.) For instance, the use of vacant and unenclosed land is presumed to be permissive (see *Poulos v. F.H. Hill Co.* (1948), 401 Ill. 204, 214, 81 N.E.2d 854, 859; *Light*, 128 Ill. App. 3d at 596, 470 N.E.2d at 1188), as is true when there is evidence of a neighborly relationship between the parties (see *Burrows v. Dintlemann* (1976), 41 Ill. App. 3d 83, 85, 353 N.E.2d 708, 710). There is, however, a rebuttable presumption of a grant or adverse right where the use of the land or way occurred normally, or in other words, has been used openly, uninterruptedly, continuously and exclusively for more than 20 years, and the origin of such way is not shown. (*Petersen*, 21 Ill. 2d at 531, 173 N.E.2d at 502; *Roller v. Logan Landfill, Inc.* (1974), 16 Ill. App. 3d 1046, 1052, 307 N.E.2d 424, 429.) Whether the use was adverse or permissive ultimately is a question of fact for the trial court which will not be disturbed on appeal unless manifestly against the weight of the evidence. (*Light*, 128 Ill. App. 3d at 594-95, 470 N.E.2d at 1186; see also *Roller*, 16 Ill. App. 3d at 1053-54, 307 N.E.2d at 430.) We see no reason to disturb the finding of adversity in this instance. Weihl began using the field road in 1956. He testified he did not ask anyone's permission to use the road. He knew the road was there and believed he had the right to use it to get to the 40 acres he was farming. His use of the road was open and continuous for over a period of 20 years. Clearly the land was not vacant and unenclosed, having both a barn and house on the premises in close proximity to the road. (See *Poulos*, 401 Ill. at 215, 81 N.E.2d at 859; *Light*, 128 Ill. App. 3d at 596, 470 N.E.2d at 1188.) It is true Weihl was a tenant for the majority of the prescriptive period over the land through which the field road ran. While as a tenant Weihl had permission to use the field road to access the rented acreage, we cannot say he necessarily had permission to use the road to access other lands. His use of the field road to reach his own land went beyond the rights of his tenancy and therefore con-

tinued to be adverse in nature. We too conclude Weihl met his burden of establishing a prescriptive easement over the field road on Wagner's land.

■ Wagner argues, however, Weihl abandoned any prescriptive rights when he agreed to a change in the location of the road in 1977. Again, we disagree. By 1977, Weihl had already met the statutory prescriptive period of 20 years. Once the easement existed, it did not matter it was shifted to another location by mutual agreement. Such a request to change the location in fact serves to highlight the landowner's recognition of Weihl's rights. While our research has not brought to light any case in Illinois with a similar fact pattern directly supporting this conclusion, we note several other jurisdictions have encountered such circumstances and consistently have ruled in favor of nonabandonment. (See, *e.g.*, *Moravek v. Ocsody* (Mo. App. 1970), 456 S.W.2d 619, 626; see also Annot., 80 A.L.R.2d 1095 (1961); Annot., 80 A.L.R.2d 743 (1961); *LeClerq v. Zaia* (1975), 28 Ill. App. 3d 738, 742, 328 N.E.2d 910, 913.) We therefore find the trial court's judgment is supported by the evidence.

■ We do choose, however, to remand this cause for further definition of the prescriptive easement granted in this instance. We agree the order entered by the trial court describing the easement is somewhat vague and uncertain as to specific location. Contrary to Wagner's contentions, however, we see no error in the court's "increasing" the width of the easement over the southern portion of the road to 18 feet as compared to that of the 16½ feet of the northern portion of the road created by express easement. It is true the extent of prescriptive use defines the easement. (See *In re Onarga, Douglas & Danforth Drainage District* (1989), 179 Ill. App. 3d 493, 495, 534 N.E.2d 226, 228.) What Wagner fails to realize is that Weihl's use of the road requires the "additional" width. While Weihl's farm equipment only extends 15½ feet in width, Weihl testified that because of overhangs, fence posts and vegetative growth along a portion of the southerly road, his usage exceeds the northern width of 16½ feet in this area. If Weihl is and has been using a wider section on the southerly portion, then such use accordingly justifies the wider easement over that portion as the extent of the prescriptive easement. The difficulty lies in the trial court's not adequately defining where this wider section is located. For this reason, we agree with Wagner the judgment must be remanded for further clarification as to the location of the prescriptive easement granted in this instance.

For the aforementioned reasons, we affirm the judgment of the circuit court of Monroe County as to the granting of the prescriptive easement but remand for further clarification of the location of such easement.

Affirmed in part; remanded in part.

GOLDENHERSH, J., concurs.

JUSTICE CHAPMAN, dissenting:

The majority holds that the fact that Weihl was a tenant of the 40 acres upon which the road ran has no effect upon the permissive use of said road. I cannot agree with that conclusion. Since Weihl had the right to use the full 40 acres, he obviously had the right to use that portion of the land which comprised the road. His permissive use of the road under the tenancy for a period from 1961 through at least 1977 precludes Weihl from establishing the adverse use of the road for the requisite period of time. Therefore, the trial court erred when it found that a prescriptive easement had been created, and I would reverse.