PETERSON, Judge.
The appellees, Arthur and Betty Orem, initiated litigation in the lower court to determine whether the dirt road that they had been using as access to their property in rural Putnam County was a public road and whether it could be obstructed by gates and locks erected by two neighbors.
In 1928, an overhead electric power line was constructed which ran south from an east-west road, later to be designated State Road 26, in the settlement of Melrose in Putnam County. Shortly after the power line was constructed, pedestrians, horses, and vehicles began traversing the land under the power lines south from State Road 26 to Mill Creek, the shores of which evidently were used for recreational purposes. A dirt road, which came to be known as Power Line Road, resulted from the traffic and was continuously used by various persons from at least 1930 until December 1988 when appellants Gordon and Carolyn Jones installed a locked gate across the road. Later, appellants Kevin and Heide Dettmering also installed such a gate.
The Orem property is south of and borders on the Dettmering property. The Jones property is to the north of the Dett-mering property. Power Line Road traverses all of the properties close to their eastern boundary lines. The Orems were not denied access to their property by the erection of the gates, but it was made clear to them when they received keys to the gates that access was over private property and was allowed only with the permission of the owners of the gates.
Gordon Jones testified that in 1985 he informed the immediate former owners of the Orem property that the road was not legal access to the property and advised them to find an alternate route. Jones did not prohibit the continued use of the road, however. Jones also testified that he advised the Orems similarly when they moved onto their property after they purchased it in October 1988.
In March 1990, in an attempt to resolve the issue of access, the Orems filed this action against Putnam County and three neighbors to the north: Jones, Dettmering, and Haggerty. The Orems asked the trial court to declare Power Line Road a public road and to enjoin the individual defendants from obstructing their rights. The third neighbor, Haggarty, did not contest the action, and, while Putnam County took a neutral position initially, it later sided with the Orems.
The trial court found and declared that Power Line Road became a public road by prescription for its full length, beginning at State Road 26 and ending at Mill Creek to the south. We have reviewed the record and find that, while the trial court’s conclusion is consistent with the evidence and can be partially affirmed, it is nonetheless deficient in the following respects:
1. The road cannot be declared a public road for its full length since it appears that private property of persons not joined in this litigation underlies Power Line Road.
2. A title examiner or surveyor could not determine from reviewing the judgment the exact portions of the lands of the individual defendants over which Power Line Road traverses. In other words, a legal description is required for that portion of the individual defendants’ lands that form the roadbed of Power Line Road. The absence of an exact legal description of the roadbed clouds the title to the appellants’ real property.
Therefore, the order of the trial court is affirmed to the extent that it declares a public use by prescription over the property of the individual defendants but is to be modified upon remand to include a legal description of the roadway. The denial of an award of money damages to the Orems is also affirmed. The order is vacated to the extent it declares a public use over *1019 properties other than those of the individual defendants. The cause is remanded to the trial court for clarification and determination of a legal description of the route, the width, and the termini of the prescriptive easement over the real property owned by Jones, Dettmering, and Haggarty. Downing v. Bird, 100 So.2d 57 (Fla.1958); Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983); Deseret Ranches of Fla., Inc. v. Bowman, 340 So.2d 1232 (Fla. 4th DCA 1976); Weihl v. Wagner, 210 Ill.App.3d 894, 155 Ill.Dec. 297, 155 Ill.Dec. 297, 569 N.E.2d 297 (Ill.App. 5th Dist.1991), appeal denied, 139 Ill.2d 606, 159 Ill.Dec. 118, 575 N.E.2d 925 (Ill.1991).
AFFIRMED in part; VACATED in part; REMANDED for clarification.
COBB and GRIFFIN, JJ., concur.